# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

MORRIS RONALD GOULD
a/k/a RONALD GOULD

                 **PLAINTIFF**

vs.

FLORIDA BAR, JOHN F. HARKNESS, Jr.
EXECUTIVE DIRECTOR, FLORIDA BAR,

JACQUELYN PLASNER NEEDELMAN
FLORIDA BAR COUNSEL

CHIEF JUSTICE,  BARBARA J. PARIENTE,
of THE SUPREME COURT OF FLORIDA

                 **DEFENDANTS.**

_____/

**04 - 23178**

CASE No: **CIV-MORENO**

MAGISTRATE JUDGE

**MAGISTRATE  JUDGE
GARBER**

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

     Plaintiff, Morris Ronald Gould, Pro Se,  files this Complaint against Defendants, John F.

Harkness, Jr.,Jacquelyn Plasner Needelman and Chief Justice, Barbara J. Pariente,  for a declaratory

judgment and injunctive relief on the grounds that the Defendants violated and are violating

Plaintiff's rights guaranteed by the equal protection clause of the, Fourteenth  Amendment to the

Constitution of The United States, (Amend 14), freedom of speech guaranteed by the First

Amendment to the Constitution of The United States, (Amend 1 ),  full faith and credit clause,

Article IV, §1 of The Constitution of The United states, (Art.IV ),  United states Constitution Article

1, §. 8, Cl. 3,  Commerce Clause (Art 1), 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988.

## JURISDICTION

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (a) and 28 U.S.C.§2201-2202.

The causes of action arise under the Constitution of the United States, (Constitution)  14th Amendment ,  (equal protection),  the 1st Amendment , freedom of speech. United States Constitution Article, IV § 1, full faith and credit, Article I, §8, Cl.3,  commerce clause, 42 U.S.C.A § 1983 and 42 U.S.C.A § 1988.

## VENUE

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as the acts and transactions that give rise to the causes of action occurred in this District.  The Defendants  can be found, has agents and/or transacts business in this district.  Plaintiff  resides in this District.

## MATERIAL FACTS AND OVERVIEW OF THE CASE

3.      Plaintiff is a  resident of the State of Florida and reside within the District.  Plaintiff maintains a law office in the City of Miami-Dade, County of Dade, State of Florida. Plaintiff maintains a law office in the City of New York, State of New York.  Plaintiff is licensed to practice law in New York. Plaintiff is also admitted to practice before The Supreme Court of The United States, U.S. Courts of Appeals for the First, Second, Fifth and Eleventh Circuits.

4.      Plaintiff practices Immigration and Nationality Law from both of his offices. The nature of the practice requires plaintiff to represent persons and corporations from almost every state of the United States and from many foreign countries. From time to time  Plaintiff has advised and represented various persons and entities living in Florida and New York in matters before other

federal administrative agencies.  The legal matters handled on behalf of these clients were out of plaintiff's Miami and New York offices.  Plaintiff further practices law from his New York Office regarding the laws of the State of New York.

5.      The Florida Bar is the official body designated by The Supreme Court of Florida to recommend rules and regulations for the practice of law in Florida.  The Supreme Court of Florida has delegated to The Florida Bar the authority and responsibility to investigate the unlicenced practice of law (UPL).

6.      The Supreme Court of Florida has defined a UPL as "the practice  of law, as prohibited by statute, court rule and case law of the State of Florida."

7.      The Supreme Court of Florida has defined a"Nonlawyer or Nonattorney as an individual who is not a member of The Florida Bar.  This includes but is not limited to lawyers admitted in other jurisdictions."

8.      The Supreme Court of Florida has by case law made it clear that improper solicitation or advertising in Florida by lawyers admitted in other jurisdictions is prohibited as the UPL.

9.      The legislature of the State of Florida promulgated § 454.23, F.S (1997) which  provides: "Penalties- Any person not licensed or otherwise authorized by the Supreme Court of Florida who shall practice law or assume or hold himself or herself out to the public as qualified to practice in this state , or who wilfully pretends to be, or willfully takes or uses any name, title, addition, or description implying that he or she is qualified or recognized by law as qualified, to act as a lawyer in this state ...shall be guilty of a misdemeanor of the first degree." The State of Florida on October 1st, 2004 has changed the penalty to a Third Degree Felony.

10.     Plaintiff has a genuine and credible fear that if Plaintiff engages in the practice of Florida law

or New York Law within the State of Florida the Defendants will charge Plaintiff with a willful violation of the UPL.

11.     That the Defendants will recommend to the State Attorney's Office that felony criminal charges be brought pursuant to the provisions of § 454.23 F.S.

12.     That Plaintiff is now filing various causes of action against the Defendant because it enacted rules which allow lawyers from foreign and sister state jurisdictions to practice law in the State of Florida without being admitted to the Florida Bar. The rules as applied to the Plaintiff are arbitrary and irrational and serve no public purpose. The rules were designed to exclude the Plaintiff from practicing law within the State of Florida.  Those rules are marked as exhibits and incorporated by reference.  Those rules as applied to the Plaintiff discriminate against Plaintiff and are contrary to law.   Some of the provisions of these rules by design preclude Plaintiff from practicing Florida or New York Law though other sister state lawyers are permitted to do so.  They create a financial burden on those persons living in Florida in need of Florida or New York legal services.

13.     RULES REGULATING THE FLORIDA BAR.

14.     Rule 16- FOREIGN LEGAL CONSULTANCY RULE  Exhibit A

15.     Rule 17- AUTHORIZED HOUSE COUNSEL RULE.  Exhibit B

16.     Rule 13- AUTHORIZED LEGAL AID PRACTITIONERS RULE   Exhibit C

17.     Rule 12 -EMERITUS ATTORNEYS PRO BONO PARTICIPATION PROGRAM. Exhibit D.

**COUNT 1**

**VIOLATION OF THE EQUAL PROTECTION CLAUSE**

18.     Plaintiff repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

Page 4

19.    Plaintiff sues the Defendants for violating Amend. 14. The Defendants have violated and are violating the Plaintiff's right to equal protection.

20.    Defendants by promulgating Rule 16 entitled FOREIGN LEGAL CONSULTANCY RULE, Ex A, has intentionally and wilfully excluded Plaintiff from the rights and privileges given to foreign country attorneys.

21.    Such rights and privileges are permitting a foreign lawyer to solicit, advertise and make known to the public living in and traveling through the State of Florida that he/she is licensed or authorized to advise and or represent them on any legal matter that comes within the jurisdiction that such foreign lawyer is admitted to practice.

WHEREFORE, plaintiff respectfully requests this court to issue an order declaring (1) that plaintiff has the right to practice New York Law to residents of the State of Florida from plaintiff's office in Florida. (2) That plaintiff has the right to advertise and make known to the general public of his services. (3) Plaintiff requests that this court issue an injunction prohibiting Defendants from bringing a UPL and interfering with plaintiff's right to practice New York Law within the State of Florida.

## COUNT 11

### VIOLATION OF THE EQUAL PROTECTION CLAUSE

22.    Plaintiff repeats and realleges paragraphs 1-21 as if fully set forth herein.

23.    Plaintiff sues the Defendants for violating plaintiff's Amend. 14 equal protection rights.

24.    FOREIGN LEGAL CONSULTANCY RULE gives preferential treatment and favorable status to foreign lawyers resulting in discrimination against Plaintiff based on national origin.

WHEREFORE, Plaintiff respectfully requests this court to issue an order declaring (1) that

Plaintiff has the right to practice New York Law to residents of the State of Florida from Plaintiff's office in Florida. (2) That Plaintiff has the right to advertise and make known to the general public of his services. (3) Plaintiff request that this court issue an injunction prohibiting Defendants from bringing a UPL charge and interfering with Plaintiff's right to practice New York law within the State of Florida.

## COUNT 111

## VIOLATION OF THE FULL, FAITH AND CREDIT CLAUSE

25.    Plaintiff repeats and realleges paragraphs 1-24 as if fully set forth herein.

26.    Plaintiff sues the Defendants for violating Plaintiff's rights provided for in U.S.C.A. Const. Article IV § 1 The " full faith and credit" clause requires the Defendants to give recognition to the Plaintiff's license to practice New York Law from his law office in Florida on the same basis as the Defendants recognizes Foreign country lawyer's license.

WHEREFORE, Plaintiff requests that this court issue an order declaring that the Defendant must recognize Plaintiff's New York license for the purpose of practicing New York law from Plaintiff's Florida law office.

## COUNT 1V

## VIOLATION OF THE COMMERCE CLAUSE

27.    Plaintiff repeats and realleges paragraphs 1-26 as if fully set forth herein.

28.    Plaintiff sues the Defendants for violating Plaintiff's rights provided for in U.S.C.A, Const., Article 1, §. 8, Cl. 3 commerce clause.

29.    Defendant's FOREIGN LEGAL CONSULTANCY RULE wilfully and intentionally omits the Plaintiff's right or privilege to practice New York law in Florida.

-6-

30.     The omission unduly  burdens interstate commerce because it prevents persons residing in

Florida to avail themselves of consulting with Plaintiff from his Florida law office on legal issues

cognizable under New York Law.

31.     The public in need of such legal services are burdened with the cost and inconvenience of

traveling to New York to personally meet with a New York lawyer at his New York office.

WHEREFORE, Plaintiff requests this court  enter an order that Defendants are in violation

of the commerce clause. (2)  That the Plaintiff is entitled to practice New York Law from his Florida

law office (3) That this court enjoin the Defendants from interfering with Plaintiff's offering legal

assistance cognizable under New York Law or from initiating a UPL charge which could culminate

in a criminal felony charge.

**COUNT V**

**EQUAL PROTECTION CLAUSE**

32.     Plaintiff repeats and realleges paragraphs 1-31 as if fully set forth herein.

33.     Plaintiff sues the Defendants for violating plaintiff' U.S.C.A. Const.,Amend. 14th, equal

protection right" by not allowing Plaintiff to practice Florida Law pursuant to the substantive

and relevant  provisions of AUTHORIZED HOUSE COUNSEL RULE, EX. B.

34.     House Counsel Rule allows sister state lawyers from any of the other 49  states to practice

Florida law but only for business organizations located within the State of  Florida.

35.     Further,  providing that sister state lawyers be full time employees on an exclusive basis by

business organizations located within the State of Florida.

36.     The restrictions noted in paragraphs 34, and 35  serve no state or public interest

37.      Though otherwise qualified the restrictions noted in paragraphs 34 and35 prevent

-7-

Plaintiff from offering his legal services to Florida business organization where the compensation is on a per matter, per diem or hourly basis as opposed to the requirement of being a full time employee.

WHEREFORE, Plaintiff requests this Court to enter judgment declaring that the Plaintiff is being deprived of his equal protection rights. (2) Plaintiff may offer his legal services to any Florida business organization and be compensated in any manner that the plaintiff and the Florida business organization agree, (3) Plaintiff request that this court issue an injunction prohibiting Defendants from bringing a UPL charge or interfering with Plaintiff's right to practice Florida law within the State of Florida to Florida business organizations.

## COUNT VI

## VIOLATION OF THE COMMERCE CLAUSE

38.   Plaintiff repeats and realleges paragraphs 1-37 as if fully set forth herein.

Plaintiff sues the Defendants for violating Plaintiff's rights under U.S.C.A. Const Article1, §.8., Cl. 3, commerce clause.

39.   Restrictions noted in paragraph 34 and 35 prevent a Florida business organization from selecting Plaintiff, a New York State licensed attorney, who is otherwise qualified, to represent them on Florida legal matters. Such restrictions are a burden on interstate commerce.

40.   Restrictions noted in paragraphs 34 and 35 prevent a Florida business organization from negotiating with the Plaintiff the terms and conditions of said compensation. Said restrictions unduly burden interstate commerce.

41.   Florida business organizations would not retain the legal services of Plaintiff ,though otherwise qualified, for fear of aiding and abetting the UPL.

42.     The restrictions noted in paragraph 34 and 35  violate Florida business organizations rights under the commerce clause.

        WHEREFORE, Plaintiff requests this Court to enter an order (1) granting the Plaintiff the right to offer his legal services to Florida business organizations. (2) Enter an order prohibiting the Defendants from interfering with Plaintiff's right to seek employment with a Florida business organization.  (3) Enjoin the Defendants from bringing a UPL charge which may culminate in criminal felony charges.

## COUNT VII

## VIOLATION OF THE FULL, FAITH AND CREDIT CLAUSE

43.     Plaintiff repeats and realleges paragraphs 1-42 as if fully set forth herein.

44.     Plaintiff sues the Defendants for violating plaintiff's rights under U.S.C.A, Const., Article IV " full, faith and credit" clause.

45.     Defendants by  enacting House Rule, Exhibit B has for all intense and purposes granted full, faith and credit to the law license of sister state attorneys to practice Florida law in Florida.

46.     The Defendants are using the restrictions noted in paragraph 34 and 35  to prevent Plaintiff, who is otherwise qualified,  from offering his legal  services  to Florida business organizations.

47.     The restrictions as outlined in paragraphs 34 and 35 serve no public or valid state purpose.

        WHEREFORE, Plaintiff (1). Requests this court to order Defendants to recognize Plaintiff's New York law licence. (2) Enter an order allowing Plaintiff to offer Florida legal services to Florida business organization located in the state of Florida. (3) Enjoin the Defendants from interfering with the Plaintiff's offer of Florida legal service to Florida business organizations. (4) Enjoin the

Defendants from prosecuting a UPL charge which may culminate in criminal felony charges.

## COUNT VIII

### EQUAL PROTECTION CLAUSE

48.     Plaintiff repeats and realleges paragraphs 1-47 as if fully set forth herein.

49.     Plaintiff sues the Defendants for violating his equal protection rights pursuant to the

provisions of U.S.C.A. Const., Amend. 14.

50.     Defendants have created Rule 13, AUTHORIZED LEGAL AID PRACTITIONERS RULE

EX. C.

51.     Plaintiff is equally qualified to practice Florida law in all material respects as provided for

in EX. C.

52.     Plaintiff though qualified to practice Florida law pursuant to the substantive provisions of

EX. C is prohibited from obtaining employment with a licensed Florida lawyer who is not an

"Approved Legal Aid Organization."

53.     To restrict the Plaintiff to working for an "Approved Legal Aid Organizations" violate his

equal protection rights.

54.     Florida lawyer's equal protection rights are being violated by the Defendants because they

are prohibited from hiring sister state lawyers on the same terms an conditions that "Approved

Legal Aid Organizations" do.

          WHEREFORE, Plaintiff requests this Court to enter judgment declaring that Plaintiff's equal

protection rights have been violated. (2) Enter an order that Plaintiff is authorized to practice Florida

law under the supervision of a licensed Florida lawyer. (3) Enjoin the Defendants from bringing a

UPL charge because Plaintiff will try and obtain employment to practice Florida law under the

-10-

supervision of a Florida licensed lawyer.

## COUNT IX

## VIOLATION OF THE COMMERCE CLAUSE

55.    Plaintiff repeats and realleges paragraphs 1-54 as if fully set forth herein.

56.    Plaintiff sues the Defendants for violating his rights pursuant to U.S.C.A Const, Art.1, § 8

Cl.3., commerce clause.

57.    The practice of law involves interstate commerce.

58.    Plaintiff would seek  gainful employment as a lawyer working for and under the supervision

of a licensed Florida lawyer, but for his genuine and credible fear that the Defendants will institute

a UPL charge culminating in a criminal felony charge.

59.    Plaintiff, an out of state lawyer,  is limited to employment,  by EX. C'S requirement that

such employment be for an "Approved Legal Aid Organization".

60.    Florida lawyers would have a larger pool of lawyers to employ if permitted to employ

Plaintiff or other licensed lawyers from sister state jurisdictions.

61.    Florida lawyers would employ  licenced lawyers from sister states because this could lower

their overhead by paying  less salaries to  sister state licensed lawyers. than they pay to Florida

lawyers.

62.    The public would benefit because the lower cost of providing legal services would be

reflected in lower fees to the public.

WHEREFORE, Plaintiff requests this Court (1) Enter an order that Defendants are  violating

the commerce clause. (2) Enjoin the Defendants from commencing a UPL charge.  (3) Enjoin the

Defendants from interfering with Plaintiff's pursuit of employment with a Florida Bar member.

-11-

## COUNT X

## EQUAL PROTECTION CLAUSE

63.     Plaintiff repeats and realleges paragraphs 1-62 as if fully set forth herein.

64.     Plaintiff sues the Defendants for violating Plaintiff's equal protection rights.

65.     Defendant by enacting Rule 12, EMERITUS ATTORNEYS PRO BONO

PARTICIPATION PROGRAM, EX. D has created a class of lawyers who give legal advice and

perform Florida  legal services to the economically disadvantaged.

66.     Ex. D provides that the Emeritus Attorney be retired from the active practice of law.

67.     Such requirement serves no state or public purpose.

68.     Ex. D prohibits the Emeritus Attorney from being paid by the Approved Legal Aid

Organization..

69.     Such requirements as noted in paragraph 66 serves no valid public purpose.

70.     Such requirement as stated in paragraphs 68  only serve the economic interest of the

members of the Defendants.

71.     Plaintiff has engaged in the active practice of  law for a minimum of 10 out of the last 15

years as required  of the Emeritus Attorney

72.     Plaintiff should be allowed to practice Florida law and be paid by and under the supervision

of a licensed Florida lawyer.

WHEREFORE, Plaintiff requests this Court enter an order that EX.. D as applied to Plaintiff

violates his equal protection rights. (2) Plaintiff requests that this court enter an order prohibiting

Defendants from interfering with Plaintiff's right to seek employment and be paid by a licensed

Florida lawyer.

-12-

## COUNT XI

## VIOLATION OF FREEDOM OF SPEECH

73.    Plaintiff repeats and realleges paragraph 1-72 as if fully set forth herein.

74.    Plaintiff sues Defendants for violating his U.S.C.A. Const.,Amend..1 rights.

75.    Defendants have established by rule that a lawyer admitted in another jurisdiction who improperly solicits or advertises for business within the State of Florida is guilty of UPL.

76.    The Supreme Court of Florida has pronounced that a lawyer admitted in another jurisdiction who improperly solicits or advertises for business within the State of Florida is guilty of UPL

77.    The Defendant's rule and The Supreme Court of Florida's pronouncements prohibit Plaintiff from any advertising in any Florida media his name, title, New York office address, New York phone,  fax number and a statement of the type of legal matters Plaintiff will accept. EX. E is an example of Plaintiff's proposed advertisement.

78.    The Defendant's rule and The Supreme Court's pronouncement has caused Plaintiff to have a genuine and credible fear that if Plaintiff advertises in Florida he will be charged with the UPL culminating in a criminal felony charge.

WHEREFORE, Plaintiff request that this court enter an order (1) Finding that Plaintiff's freedom of commercial speech has been unlawfully prohibited.  (2) That the court enter an order granting injunctive relief and prohibiting Defendant from interfering with the publication of advertisements, printing of letterheads and business cards that have Plaintiff's name, title, Attorney or Counselor At Law, New York law office address, and phone number.

## COUNT XII

## VIOLATIONS OF THE COMMERCE CLAUSE

79.    Plaintiff repeats and alleges paragraphs 1-78 as if fully set forth herein.

80.    Plaintiff sues Defendants for violating plaintiff's rights pursuant to U.S.C.A. Const. Art. 1 §.8, Cl. 3.

81.    Defendants have established by rule and case law that a lawyer admitted in another jurisdiction who improperly solicits or advertises for  business within the State of Florida is guilty of UPL which may culminate in a felony charge.

82.    Said rule and court pronouncements prohibit Plaintiff from advertising in a Florida media in order to obtain Florida clients who are in need of New York legal services.

83.    Said legal services will be performed by Plaintiff from his New York office.

84.    Florida residents are unduly burdened because said legal services are not available in Florida.

85.    Florida  resident's have the right to have available print and media advertisements within the State of Florida about licensed  New York lawyers

 York Lawyers for consultation and representation.

86.    Florida residents are unduly burdened with the cost and time of traveling  to New York to retain the services of a New York Lawyer.

87.    Interstate commerce is unduly burdened because Plaintiff and Florida residents are prevented from meeting numerous times on a long term basis in Florida    to discuss actual or prospective New York legal matters.

88.    The defendant's rule and the Florida Supreme Court's pronouncements impedes, interferes with and unduly burdens interstate commerce between Florida residents, and the Plaintiff.

        WHEREFORE, Plaintiff requests this Court enter an order that the Defendant are in violation of the commerce clause, (2) That Defendants be enjoined from taking any action which would

-14-

prevent Plaintiff from advertising his availability to represent Florida residents relating to New York law.

### COUNT XIII

### VIOLATIONS OF FREEDOM OF SPEECH

89.     Plaintiff repeats and realleges paragraphs 1-88 as if fully set forth herein.

90.     Plaintiff sues Defendants for violating his rights under U.S.C.A. Const., Amend. 1.

91.     Defendant has officially notified the Plaintiff that Plaintiff must use the following disclaimer " Admitted New York Bar only or Not admitted in Florida" on any letterhead, business cards, listing in the yellow pages or any advertisement. Plaintiff formerly did not use the disclaimers.See EX. F,1-9.

92.     The Defendant stated without said disclaimer Plaintiff would be  guilty of  UPL

93.     Plaintiff is using such disclaimer because of Defendants intimidation, coercion and threats that the Defendants will charge Plaintiff with UPL culminating in felony criminal charges.

94.     Plaintiff has a genuine and credible fear that a UPL charge would be sustained and that the Defendant would recommend to the Florida State Attorneys Office that felony criminal charges be brought against plaintiff.

WHEREFORE, Plaintiff request that this court (1) issue an order that the Defendants are violating Plaintiff's commercial freedom of speech, (2) That this court enjoin the Defendants from initiating a UPL charge.

### COUNT XIV

### VIOLATION OF FREEDOM OF SPEECH

95.     Plaintiff repeats and realleges paragraphs 1-94 as if fully set forth herein.

96.    Plaintiff sues the Defendants for violating his rights under U.S.C.A Const. Amend 1.

97.    Plaintiff has requested and Defendant has refused to allow Plaintiff to use the words "Federal

Administrative Practice" on his letterheads, business cards, advertisements or in yellow page

listings.

98.    Plaintiff wishes to use the words Federal Administrative Practice on his letterheads, business

cards, yellow page advertisements and other advertisements to inform the public as to the kind of

law Plaintiff practices.

99.    Plaintiff has not used such words because of a genuine and credible fear that he will be

charged with UPL.

100.    Plaintiff has a genuine and credible fear that if charged with UPL said charge will be

sustained which would  further culminate in a criminal felony charge.

WHEREFORE, Plaintiff request that this court issue an order that the Defendants are

violating Plaintiff's  1st. Amend. rights. (2) That this court  enjoin  Defendants from filing a UPL

charge when the Plaintiff uses Federal Administrative Practice on advertisements, letterheads, and

business cards. (3)  Plaintiff requests that this court grant the relief requested and for such other and

further relief as this court may deem proper and just.

Morris R. Gould
Pro Se
1201 Brickell Avenue, Ste. 630
Miami, FL. 33131
(305) 371 9711
Fax (305) 861 7272

# The Florida Bar

## Rules Regulating The Florida Bar

### OREIGN LEGAL CONSULTANCY RULE

### *JLE 16-1.1 PURPOSE*

The purpose of this chapter is to permit a person who is admitted to practice in a foreign country as an attorney, counselor at law, or the equivalent to act as a foreign legal consultant in the state of Florida. This chapter authorizes an attorney licensed to practice law in 1 or more foreign countries to be certified by the Supreme Court of Florida, without examination, to render services in this state as a legal consultant regarding the laws of the country in which the attorney is admitted to practice.

Ex. A-1

# The Florida Bar
## ➤Rules Regulating The Florida Bar

**16 FOREIGN LEGAL CONSULTANCY RULE**
**16-1**

### *RULE 16-1.2 DEFINITIONS*

A foreign legal consultant is any person who:

(a) has been admitted to practice in a foreign country as an attorney, counselor at law, or the equivalent for a period of not less than 5 of the 7 years immediately preceding the application for certification under this chapter;

(b) has engaged in the practice of law of such foreign country for a period of not less than 5 of the 7 years immediately preceding the application for certification under this chapter and has remained in good standing as an attorney, counselor at law, or the equivalent throughout said period;

(c) is admitted to practice in a foreign country whose professional disciplinary system for attorneys is generally consistent with that of The Florida Bar;

(d) has not been disciplined for professional misconduct by the bar or courts of any jurisdiction within 10 years immediately preceding the application for certification under this chapter and is not the subject of any such disciplinary proceeding or investigation pending at the date of application for certification under this chapter;

(e) has not been denied admission to practice before the courts of any jurisdiction based upon character or fitness during the 15-year period preceding application for certification under this chapter;

(f) has submitted, pursuant to requirements determined by the Supreme Court of Florida, an application for certification under this chapter and the appropriate fees;

(g) agrees to abide by the applicable Rules Regulating The Florida Bar and submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes;

(h) is over 26 years of age;

(i) maintains an office in the state of Florida for the rendering of services as a foreign legal consultant; and

(j) has satisfied, in all respects, the provisions of rule 16-1.4.

*EX A - 2*





## ➥Rules Regulating The Florida Bar

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
   INDEX
   Rules Regulating The
     Florida Bar
   Standards for Lawyer
     Sanctions
   Ethics Information
   Lawyer Conduct
   UPL
   Advertising Rules
   Authorized House
     Counsel
   Foreign Legal
     Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

### 16 FOREIGN LEGAL CONSULTANCY RULE
16-1

## *RULE 16-1.3 ACTIVITIES*

**(a) Rendering Legal Advice.** A person certified as a foreign legal consultant under this chapter may render legal services in the state of Florida; provided, however, that such services shall:

(1) be limited to those regarding the laws of the foreign country in which such person is admitted to practice as an attorney, counselor at law, or the equivalent;

(2) not include any activity or any service constituting the practice of the laws of the United States, the state of Florida, or any other state, commonwealth, or territory of the United States or the District of Columbia including, but not limited to, the restrictions that such person shall not:

(A) appear for another person as attorney in any court or before any magistrate or other judicial officer or before any federal, state, county, or municipal governmental agency, quasi-judicial, or quasi-governmental authority in the state of Florida, or prepare pleadings or any other papers in any action or proceedings brought in any such court, or before any such judicial officer, except as authorized in any rule of procedure relating to admission pro hac vice, or pursuant to administrative rule;

(B) prepare any deed, mortgage, assignment, discharge, lease, agreement of sale, or any other instrument affecting title to real property located in the United States, or personal property located in the United States, except where the instrument affecting title to such property is governed by the law of a jurisdiction in which the foreign legal consultant is admitted to practice as an attorney, counselor at law, or the equivalent;

(C) prepare any will or trust instrument affecting the disposition of any property located in the United States and owned by a resident thereof nor prepare any instrument relating to the administration of a decedent's estate in the United States;

(D) prepare any instrument with respect to the marital relations, rights, or duties of a resident of the United States or the custody or care of the children of such a resident;

(E) render professional legal advice on the law of the State of Florida, the United States, or any other state, subdivision, commonwealth, or territory of the United States, or the District of Columbia (whether rendered incident to the preparation of a legal instrument or otherwise); or

*E X A – 3*



Law Practice Regulation





## Rules Regulating The Florida Bar

### ➥ Rules Regulating The Florida Bar

16 FOREIGN LEGAL CONSULTANCY RULE
16-1

## RULE 16-1.4 CERTIFICATION

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
  INDEX
  Rules Regulating The
  Florida Bar
  Standards for Lawyer
  Sanctions
  Ethics Information
  Lawyer Conduct
  UPL
  Advertising Rules
  Authorized House
  Counsel
  Foreign Legal
  Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

**(a) Commencement of Permission to Perform Services.** Permission for a foreign legal consultant to render legal services under this chapter shall become effective upon the filing of an application and certification, with respect to an applicant, by the International Law Section of The Florida Bar, of the requirements of rules 16-1.2(a) through (j) and 16-1.3(a) and (b) herein. In addition to any other evidence that The Florida Bar, in its discretion, may require, the application shall include the filing and approval of:

(1) a duly authenticated certificate from the entity in which the applicant is licensed to practice, which shall be the foreign country in which the applicant is licensed to practice, which shall certify, accompanied by the official seal, if any, of such entity, and which shall certify:

(A) the entity's jurisdiction in such matters;

(B) the applicant's admission to practice in such foreign country and the date thereof;

(C) the applicant's good standing as an attorney, counselor at law, or the equivalent; and

(D) whether any charge or complaint has ever been filed against the applicant with such entity, and if so, the substance of each such charge or complaint and the adjudication or disposition thereof;

(2) a letter of recommendation signed by and with the official seal, if any, of 1 of the members of the executive body of such entity or from 1 of the judges of the highest court of law of such foreign country, certifying to the applicant's professional qualifications;

(3) a letter of recommendation from at least 2 attorneys, counselors at law, or the equivalent admitted in and practicing in such foreign country, setting forth the length of time, when, and under what circumstances they have known the applicant and their appraisal of the applicant's moral character;

(4) a letter of recommendation from at least 2 members in good standing of The Florida Bar, setting forth the length of time, when, and under what circumstances they have known the applicant and their appraisal of the applicant's moral character;

(5) a sworn statement by the applicant that the applicant:

EX A-4

p:.



# Law Practice Regulation



**FLABAR ONLINE**

➡️ **Rules Regulating The Florida Bar**



Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
  INDEX
  Rules Regulating The
   Florida Bar
  Standards for Lawyer
   Sanctions
  Ethics Information
  Lawyer Conduct
  UPL
  Advertising Rules
  Authorized House
   Counsel
  Foreign Legal
   Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

## 16 FOREIGN LEGAL CONSULTANCY RULE
## 16-1

### *RULE 16-1.5 WITHDRAWAL OR TERMINATION OF CERTIFICATION*

Permission to perform services under this chapter shall cease immediately upon the earliest of the following events:

**(a)** The filing of a notice by the Supreme Court of Florida, in its discretion, at any time, stating that permission to perform services under this chapter has been revoked. A copy of such notice shall be mailed by the clerk of the court to The Florida Bar and to the foreign legal consultant involved. The foreign legal consultant shall have 15 days to request reinstatement for good cause.

**(b)** The foreign country in which the foreign legal consultant is admitted to practice discontinues having a professional disciplinary system for attorneys that is generally consistent with that of The Florida Bar.

**(c)** The failure of the foreign legal consultant to comply with any applicable provisions of this chapter.

*EX A-5*


**FLABAR ONLINE**



➡️**Rules Regulating The Florida Bar**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
   INDEX
   Rules Regulating The
      Florida Bar
   Standards for Lawyer
      Sanctions
   Ethics Information
   Lawyer Conduct
   UPL
   Advertising Rules
   Authorized House
      Counsel
   Foreign Legal
      Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

**16 FOREIGN LEGAL CONSULTANCY RULE**
**16-1**

### RULE 16-1.6 DISCIPLINE

**(a) Discipline by Florida Courts.** Each person licensed to practice as a foreign legal consultant under this chapter is expressly subject to the Rules of Professional Conduct and to continuing review of such consultant's qualifications to retain any license granted hereunder, and shall be subject to the disciplinary jurisdiction of the Supreme Court of Florida and the other courts of this state.

**(b) Withdrawal of Certification.** In addition to any appropriate proceedings and discipline that may be imposed by The Florida Bar or the Supreme Court of Florida under chapter 3 of the Rules Regulating The Florida Bar, the Supreme Court of Florida may, at any time, with or without cause, withdraw certification hereunder.

**(c) Notification of Other Jurisdictions.** The Florida Bar shall be authorized to notify each entity governing the practice of law in the foreign country in which the foreign legal consultant is licensed to practice law of any disciplinary action taken against the foreign legal consultant.

EXA - 6

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 23 of 61

 

**FLABAR ONLINE**



➡ **Rules Regulating The Florida Bar**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
  INDEX
  Rules Regulating The Florida Bar
  Standards for Lawyer Sanctions
  Ethics Information
  Lawyer Conduct
  UPL
  Advertising Rules
  Authorized House Counsel
  Foreign Legal Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

## 17 AUTHORIZED HOUSE COUNSEL RULE
## 17-1 GENERALLY



### *RULE 17-1.1 PURPOSE*

The purpose of this chapter is to facilitate the relocation of persons employed by or to be employed by any business organization, as herein defined, for the purpose of undertaking, in whole or in part, activities, as herein defined, for such organizations. Notwithstanding the provisions of article I, sections I, Rules of the Supreme Court of Florida Relating to Admissions to the Bar, this chapter shall authorize attorneys licensed to practice in jurisdictions other than Florida to be permitted to undertake said activities in Florida while exclusively employed by a business organization without the requirement of taking the bar examination.

*Ex B-1*

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 24 of 61





**FLABAR ONLINE**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
    INDEX
    Rules Regulating The
    Florida Bar
    Standards for Lawyer
    Sanctions
    Ethics Information
    Lawyer Conduct
    UPL
    Advertising Rules
    Authorized House
    Counsel
    Foreign Legal
    Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

# ➡️Rules Regulating The Florida Bar

## 17 AUTHORIZED HOUSE COUNSEL RULE
## 17-1 GENERALLY

### *RULE 17-1.2 DEFINITIONS*

**(a) Authorized House Counsel.** An "authorized house counsel" is any person who:

(1) is a member in good standing of the entity governing the practice of law of each state (other than Florida), territory, or the District of Columbia in which the member is licensed;

(2) is not subject to an outstanding order of reprimand, censure or disbarment, permanent or temporary, for professional misconduct by the bar or courts of any jurisdiction;

(3) is not subject to a disciplinary proceeding;

(4) has not been permanently denied admission to practice before the bar of any jurisdiction based upon such person's character or fitness;

(5) agrees to abide by the Rules Regulating The Florida Bar (including, without limitation, rules 6-10.1 et seq.) and submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes;

(6) is residing in Florida and exclusively employed by a business organization located in the state of Florida or relocating to the state of Florida in furtherance of such employment within 6 months of such application under this chapter and receives or shall receive compensation for activities performed for that business organization;

(7) has complied with rule 17-1.4.



EX 8-2

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 25 of 61

**(b) Business Organization.** A "business organization" for the purpose of this rule is a corporation, partnership, association or other legal entity (taken together with its respective parents, subsidiaries, and affiliates) authorized to transact business in this state that is not itself engaged in the practice of law or the rendering of legal services outside such organization, whether for a fee or otherwise, and does not charge or collect a fee for the representation or advice other than to entities comprising such organization by the activities of the authorized house counsel. For purposes of this rule, a "business organization" does not include a governmental entity, governmental subdivision, political subdivision, school board, or any other entity that has the authority to levy a tax.

EXB - 3

print • combine multiple documents • return

## The Florida Bar

➡**Rules Regulating The Florida Bar**

**17 AUTHORIZED HOUSE COUNSEL RULE**
**17-1 GENERALLY**

## RULE 17-1.3 ACTIVITIES

**(a) Authorized Activities.** An authorized house counsel, as an employee of a business organization, may provide legal services in the state of Florida to the business organization for which a registration pursuant to rule 17-1.4 is effective, provided, however, that such activities shall be limited to:

(1) the giving of legal advice to the directors, officers, employees, and agents of the business organization with respect to its business and affairs;

(2) negotiating and documenting all matters for the business organization; and

(3) representation of the business organization in its dealings with any administrative agency or commission having jurisdiction; provided however, authorized house counsel shall not be permitted to make appearances as counsel in any court, administrative tribunal, agency, or commission situated in the state of Florida unless the rules governing such court or body shall otherwise authorize, or the attorney is specially admitted by such court or body in a case.

**(b) Disclosure.** Authorized house counsel, in undertaking legal services permitted pursuant to subdivision 17-1.3 (a)(2) or (3), shall disclose their capacity by written or printed communication that shall evidence both the name for the appropriate business organization and the title or function of the authorized house counsel and that they are not licensed to practice in the state of Florida. Such communication shall be transmitted in such manner as reasonably contemplated to create an awareness of the authorized house counsel's status with respect to the relevant activity. In performing activities under this subdivision, authorized house counsel shall not represent themselves to be members of The Florida Bar licensed to practice law in this state.

**(c) Limitation on Representation.** In no event shall the activities permitted hereunder include the individual or personal representation of any shareholder, owner, partner, officer, employee, servant, or agent in any matter or transaction or the giving of advice therefor unless otherwise permitted or authorized by law, code, or rule or as may be permitted by subdivision 17-1.3(a).

**(d) Opinions to Third Parties.** An authorized house counsel shall not express or render a legal judgment or opinion to be relied upon by any person or party other than in the course of the authorized house counsel's representation of the business organization in which the authorized house counsel is employed.

EXB - 4

print • combine multiple documents • return

# The Florida Bar

## ➡Rules Regulating The Florida Bar

**17 AUTHORIZED HOUSE COUNSEL RULE**
**17-1 GENERALLY**

### *RULE 17-1.4 REGISTRATION*

**(a) Filing with The Florida Bar.** The following shall be filed with The Florida Bar by an individual seeking to be certified as authorized house counsel:

(1) A certificate from an entity governing the practice of law of each state, territory, or the District of Columbia in which the registrant is licensed to practice law certifying that the registrant:

(A) is a member in good standing; and

(B) has a clear disciplinary record as required by subdivision 17-1.2(a)(2);

(2) a sworn statement by the registrant that the registrant:

(A) has read and is familiar with the Rules Regulating The Florida Bar as adopted by the Supreme Court of Florida and will abide by the provisions thereof;

(B) submits to the jurisdiction of the Supreme Court of Florida for disciplinary purposes, as defined in chapter 3 of the Rules Regulating The Florida Bar and rule 17-1.6 herein, and authorizes notification to or from the entity governing the practice of law of each state, territory, or the District of Columbia in which the registrant is licensed to practice law of any disciplinary action taken against the registrant; and

(C) is not subject to a disciplinary proceeding or outstanding order of reprimand, censure, or disbarment, permanent or temporary, for professional misconduct by the bar or courts of any jurisdiction;

(3) a certificate from a business organization certifying that: it is qualified as set forth in subdivision 17-1.2(b); that it is aware that the registrant is not licensed to practice in Florida; and it is not relying upon The Florida Bar in any manner in employing the authorized house counsel;

(4) an appropriate registration application to The Florida Bar as promulgated by the executive director of The Florida Bar; and

(5) an appropriate remittance of a filing fee prescribed and set by the executive director of The Florida Bar in an amount not to exceed the amount applicable for admission to the bar examination for an attorney licensed in a state other than Florida.

**(b) Review by The Florida Bar.** Upon receipt of the items set forth in subdivision 17-1.4 (a), The Florida Bar shall review the items for compliance with this chapter. Any application

*EX B - 5*

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 28 of 61

not meeting the requirements of this chapter shall be sent back to the applicant. Grounds for return include, but are not limited to, filing certificates that do not contain all of the information set forth in subdivision 17-1.4(a), filing a certificate from a business organization that does not qualify as a business organization as defined by these rules, and failure to remit the appropriate fee.

**(c) Certification by Court.** Upon review of the application by The Florida Bar, The Florida Bar shall file with the clerk of the Supreme Court of Florida the name and address of those registrants complying with the provisions of subdivision 17-1.4(a) along with a request that the registrant be certified as authorized house counsel. Permission for authorized house counsel to perform services under this rule shall become effective upon approval of the request for certification by the clerk of the Supreme Court of Florida for a person employed in Florida or, if the registrant is not yet in Florida, the effective date of employment but not later than 6 months from the filing of the items set forth above.

**(d) Annual Renewal.** The registration pursuant to this section shall be annual in a manner consistent with that applicable to an attorney licensed to practice in the state of Florida including the annual fee therefor as if such authorized house counsel was so licensed, provided, however, such renewal shall include a statement that the registrant is in good standing in all states or United States territories in which licensed and is not subject to any disciplinary proceedings.

*Ex B — 6*

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 29 of 61




**FLABAR ONLINE**



## ➡️Rules Regulating The Florida Bar

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
  INDEX
  Rules Regulating The
   Florida Bar
  Standards for Lawyer
   Sanctions
  Ethics Information
  Lawyer Conduct
  UPL
  Advertising Rules
  Authorized House
   Counsel
  Foreign Legal
   Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open S temap
PDF Help

### 17 AUTHORIZED HOUSE COUNSEL RULE
### 17-1 GENERALLY

## RULE 17-1.5 TERMINATION OR WITHDRAWAL OF REGISTRATION

**(a) Cessation of Authorization to Perform Services.**
Authorization to perform services under this rule shall cease upon the earliest of the following events:

(1) the termination or resignation of employment with the business organization for which registration has been filed, provided, however, that if the authorized house counsel shall commence employment with another business organization within 30 days of the termination or resignation, authorization to perform services under this rule shall continue upon the filing with The Florida Bar of a certificate as set forth in subdivision 17-1.4(a)(3);

(2) the withdrawal of registration by the business organization;

(3) the withdrawal of registration by the authorized house counsel;

(4) the relocation of an authorized house counsel outside of Florida for a period greater than 180 days;

(5) disbarment or suspension from the practice of law by a court or other authorized disciplinary agency of another state or by a federal court; or

(6) the failure of authorized house counsel to comply with any applicable provision of this rule.

Notice of one of the events set forth in subdivision 17-1.5(a)(1)-(5) or a new certificate as provided in subdivision 17-1.5(a)(1) must be filed with The Florida Bar by the authorized house counsel within 30 days after such action. An authorized house counsel disbarred or suspended from the practice of law by a court or other authorized disciplinary agency of another state or by a federal court shall within 30 days after the effective date of disbarment or suspension file with The Florida Bar a copy of the order or judgment effecting such disbarment or suspension. Failure to provide notice by the authorized house counsel shall be a basis for discipline pursuant to the Rules Regulating The Florida Bar.

**(b) Notice of Withdrawal of Authorization.** Upon receipt of the notice required by subdivision 17-1.5(a), The Florida Bar shall forward a request to the clerk of the Supreme Court of Florida that the authorization under this chapter be revoked. Notice of the revocation shall be mailed by the clerk of the Supreme Court of Florida to the authorized house counsel, the business organization employing the authorized house counsel, and The Florida Bar.

EX B — 7

Case 1:04-cv-23178-FAM    Document 1    Entered on FLSD Docket 12/21/2004    Page 30 of 61

**(c) Reapplication.** Nothing herein shall prevent an individual previously authorized as house counsel to reapply for authorization as set forth in rule 17-1.4.

EX B - 8

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 31 of 61





**FLABAR ONLINE**



➦**Rules Regulating The Florida Bar**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
    INDEX
    Rules Regulating The
    Florida Bar
    Standards for Lawyer
    Sanctions
    Ethics Information
    Lawyer Conduct
    UPL
    Advertising Rules
    Authorized House
    Counsel
    Foreign Legal
    Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

## 17 AUTHORIZED HOUSE COUNSEL RULE
## 17-1 GENERALLY

### RULE 17-1.6 DISCIPLINE

**(a) Termination of Authorization by Court.** In addition to any appropriate proceeding and discipline that may be imposed by The Florida Bar or the Supreme Court of Florida under chapter 3 of the Rules Regulating The Florida Bar, the Supreme Court of Florida may, at any time, with cause, terminate an authorized house counsel's registration, temporarily or permanently.

EXB — 9

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 32 of 61




**FLABAR ONLINE**



## ➡️ Rules Regulating The Florida Bar

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
  INDEX
  Rules Regulating The
  Florida Bar
  Standards for Lawyer
  Sanctions
  Ethics Information
  Lawyer Conduct
  UPL
  Advertising Rules
  Authorized House
  Counsel
  Foreign Legal
  Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

**17 AUTHORIZED HOUSE COUNSEL RULE
17-1 GENERALLY**

### *RULE 17-1.7 TRANSITION*

An authorized house counsel who has been duly registered under this rule shall not be subject to prosecution for the unlicensed practice of law for acting as counsel to a business organization prior to the effective date of this rule.

*EXB- 10*

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 33 of 61




**FLABAR ONLINE**



**➥Rules Regulating The Florida Bar**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
    INDEX
    Rules Regulating The
    Florida Bar
    Standards for Lawyer
    Sanctions
    Ethics Information
    Lawyer Conduct
    UPL
    Advertising Rules
    Authorized House
    Counsel
    Foreign Legal
    Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open S temap
PDF Help

**17 AUTHORIZED HOUSE COUNSEL RULE**
**17-1 GENERALLY**

### *RULE 17-1.8 AMENDMENT OR REVOCATION*

The Supreme Court of Florida has the inherent power to amend or revoke this rule, in whole or in part, in accordance with the procedures for amending the Rules Regulating The Florida Bar.

*EXB – 11*

Case 1:04-cv-23176-FAM Document 1 Entered on FLSD Docket 12/21/2004 Page 34 of 61

 

**Law Practice Regulation**



�androidhand **Rules Regulating The Florida Bar**


**FLABAR ONLINE**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
  INDEX
  Rules Regulating The
  Florida Bar
  Standards for Lawyer
  Sanctions
  Ethics Information
  Lawyer Conduct
  UPL
  Advertising Rules
  Authorized House
  Counsel
  Foreign Legal
  Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

## 13 AUTHORIZED LEGAL AID PRACTITIONERS RULE
## 13-1 GENERALLY

### *RULE 13-1.1 PURPOSE*

The purpose of this chapter is to expand the delivery of legal services to poor people. This chapter authorizes attorneys licensed to practice law in jurisdictions other than Florida to be certified to practice in Florida for up to 1 year while employed by a legal aid organization. The attorney so certified must take the next available Florida bar examination.

EX G-1

  **Law Practice Regulation**



## ➡ Rules Regulating The Florida Bar

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
    INDEX
    Rules Regulating The
    Florida Bar
    Standards for Lawyer
    Sanctions
    Ethics Information
    Lawyer Conduct
    UPL
    Advertising Rules
    Authorized House
    Counsel
    Foreign Legal
    Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

### 13 AUTHORIZED LEGAL AID PRACTITIONERS RULE
### 13-1 GENERALLY

### *RULE 13-1.2 DEFINITIONS*

**(a) Authorized Legal Aid Practitioner.** An "authorized legal aid practitioner" is any person who:

(1) was engaged in the active practice of law for 3 years immediately preceding the application for certification under this chapter;

(2) is a member in good standing of the entity governing the practice of law of any other state or territory or the District of Columbia and has not been disciplined for professional misconduct by the bar or courts of any jurisdiction within the past 15 years;

(3) has not failed the Florida bar examination and has not been denied admission to the courts of any jurisdiction during the preceding 15 years;

(4) agrees to abide by the Rules Regulating The Florida Bar and submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes;

(5) neither asks for nor receives compensation of any kind from the person on whose behalf the practitioner renders legal services hereunder (this shall not prevent the approved legal aid organization from paying compensation to the attorney); and

(6) is certified under rule 13-1.5.

**(b) Approved Legal Aid Organization.** An "approved legal aid organization" for the purposes of this chapter is a not-for-profit legal aid organization that is approved by the Supreme Court of Florida as set forth herein. A legal aid organization seeking approval from the Supreme Court of Florida for the purposes of this chapter shall file a petition with the clerk of the Supreme Court of Florida certifying that it is a not-for-profit organization and stating with specificity:

(1) the structure of the organization and whether it accepts funds from its clients;

(2) the major sources of funds used by the organization;

(3) the criteria used to determine potential clients' eligibility for legal services performed by the organization;

(4) the types of legal and nonlegal services performed by the organization;



(5) the names of all members of The Florida Bar who are employed by the organization or who regularly perform legal work for the organization; and

(6) the existence and extent of malpractice insurance that will cover the authorized legal aid practitioner.

**(c) Supervising Attorney.** A "supervising attorney" as used herein is a member in good standing of The Florida Bar who directs and supervises an authorized legal aid practitioner engaged in activities permitted by this chapter. The supervising attorney must:

(1) be employed by or be a participating volunteer for an approved legal aid organization; and

(2) assume personal professional responsibility for supervising the conduct of the matter, litigation, or administrative proceeding in which the authorized legal aid practitioner participates.



EXC-3

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 37 of 61

  

**Law Practice Regulation**

**FLABAR ONLINE**

## ➡ Rules Regulating The Florida Bar

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
  INDEX
  Rules Regulating The
   Florida Bar
  Standards for Lawyer
   Sanctions
  Ethics Information
  Lawyer Conduct
  UPL
  Advertising Rules
  Authorized House
   Counsel
  Foreign Legal
   Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

**13 AUTHORIZED LEGAL AID PRACTITIONERS RULE
13-1 GENERALLY**

### RULE 13-1.3 ACTIVITIES

**(a) Permissible Activities.** An authorized legal aid practitioner, in association with an approved legal aid organization and under the supervision of a supervising attorney, may perform the following activities:

(1) Appear in any court or before any administrative tribunal in this state on behalf of a client of an approved legal aid organization if the person on whose behalf the authorized legal aid practitioner is appearing has consented in writing to that appearance and a supervising attorney has given written approval for that appearance. The written consent and approval shall be filed in each case and shall be brought to the attention of a judge of the court or the presiding officer of the administrative tribunal.

(2) Prepare pleadings and other documents to be filed in any court or before any administrative tribunal in this state in any matter in which the authorized legal aid practitioner is involved. Such pleadings also shall be signed by the supervising attorney.

(3) Prepare legal documents, provide legal advice, and otherwise engage in the practice of law.

(4) Engage in such other preparatory activities as are necessary for any matter in which the practitioner is involved.

**(b) Determination of Scope of Participation.** The presiding judge or hearing officer may, in the judge's or officer's discretion, determine the extent of the authorized legal aid practitioner's participation in any proceeding.

Ex C-4

print • combine multiple documents • return

# The Florida Bar

## ➥Rules Regulating The Florida Bar

**13 AUTHORIZED LEGAL AID PRACTITIONERS RULE**
**13-1 GENERALLY**

### *RULE 13-1.4 SUPERVISION AND LIMITATIONS*

**(a) Supervision by Attorney.** An authorized legal aid practitioner must perform all activities authorized by this chapter under the direct supervision of a supervising attorney.

**(b) Representation of Bar Membership Status.** Authorized legal aid practitioners permitted to perform services under this chapter are not, and shall not represent themselves to be, active members of The Florida Bar licensed to practice law in this state.

**(c) Payment of Expenses and Award of Fees.** The limitation on compensation for the authorized legal aid practitioner contained in rule 13-1.2(a)(5) shall not prevent the approved legal aid organization from reimbursing the authorized legal aid practitioner for actual expenses incurred while rendering services hereunder nor shall it prevent the approved legal aid organization from making such charges for its services as it may otherwise properly charge. The approved legal aid organization shall be entitled to receive all court-awarded attorney's fees for any representation rendered by the authorized legal aid practitioner.

*EX C-5*

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 39 of 61







**FLABAR ONLINE**

## ➡ Rules Regulating The Florida Bar

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
   INDEX
   Rules Regulating The
     Florida Bar
   Standards for Lawyer
     Sanctions
   Ethics Information
   Lawyer Conduct
   UPL
   Advertising Rules
   Authorized House
     Counsel
   Foreign Legal
     Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

**13 AUTHORIZED LEGAL AID PRACTITIONERS RULE
13-1 GENERALLY**

### RULE 13-1.5 CERTIFICATION

Permission for an authorized legal aid practitioner to perform services under this chapter shall become effective upon filing with and approval by the clerk of the Supreme Court of Florida of:

**(a)** A certification by an approved legal aid organization stating that the authorized legal aid practitioner is currently associated with that legal aid organization and that an attorney employed by or participating as a volunteer with that organization will assume the duties of the supervising attorney required hereunder.

**(b)** A certificate from the highest court or agency in the state, territory, or district in which the authorized legal aid practitioner is licensed to practice law certifying that the authorized legal aid practitioner is a member in good standing and has a clear disciplinary record as required by rule 13-1.2(a)(2). The certificate shall also advise of any pending complaints and/or investigations involving the authorized legal aid practitioner.

**(c)** A sworn statement by the authorized legal aid practitioner that the practitioner:

**(1)** has read and is familiar with chapter 4 of the Rules Regulating The Florida Bar as adopted by the Supreme Court of Florida and will abide by the provisions thereof;

**(2)** submits to the jurisdiction of the Supreme Court of Florida for disciplinary purposes, as defined by chapter 3 of the Rules Regulating The Florida Bar and by rule 13-1.7, and authorizes the practitioner's home state to be advised of any disciplinary action taken in Florida; and

**(3)** will take the next available Florida bar examination.

EXC-8

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 40 of 61

 

**Law Practice Regulation**



## ➡️Rules Regulating The Florida Bar

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
  INDEX
  Rules Regulating The
    Florida Bar
  Standards for Lawyer
    Sanctions
  Ethics Information
  Lawyer Conduct
  UPL
  Advertising Rules
  Authorized House
    Counsel
  Foreign Legal
    Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

### 13 AUTHORIZED LEGAL AID PRACTITIONERS RULE
### 13-1 GENERALLY

### *RULE 13-1.6 WITHDRAWAL OR TERMINATION OF CERTIFICATION*

**(a) Cessation of Permission to Perform Services.** Permission to perform services under this chapter shall cease immediately upon the earliest of the following events:

(1) The passage of 1 year from the date of the authorized legal aid practitioner's certification by the court; provided, however, the certification of any authorized legal aid practitioner who has passed the Florida bar examination shall continue in effect until the date the practitioner is admitted to practice.

(2) Failure of the Florida bar examination.

(3) The filing with the clerk of the Supreme Court of Florida of a notice by the approved legal aid organization stating that:

(A) the authorized legal aid practitioner has ceased to be associated with the organization, which notice must be filed within 5 days after such association has ceased; or

(B) certification of such attorney is withdrawn. An approved legal aid organization may withdraw certification at any time and it is not necessary that the notice state the cause for such withdrawal. A copy of the notice filed with the clerk of the Supreme Court of Florida shall be mailed by the organization to the authorized legal aid practitioner concerned.

(4) The filing with the clerk of the Supreme Court of Florida of a notice by the Supreme Court of Florida, in its discretion, at any time, stating that permission to perform services under this chapter has been revoked. A copy of such notice shall be mailed by the clerk of the Supreme Court of Florida to the authorized legal aid practitioner involved and to the approved legal aid organization to which the practitioner had been certified. The certified legal aid attorney shall have 15 days to request reinstatement for good cause.

**(b) Notice of Withdrawal of Certification.** If an authorized legal aid practitioner's certification is withdrawn for any reason, the supervising attorney shall immediately file a notice of such action in the official file of each matter pending before any court or tribunal in which the authorized legal aid practitioner was involved.

*EX C-8 7*

Case 1:04-cv-23178-FAM   Document 1   Entered on FLSD Docket 12/21/2004   Page 41 of 61




**Law Practice Regulation**

 

**FLABAR ONLINE**

## ➡ **Rules Regulating The Florida Bar**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
    INDEX
    Rules Regulating The
    Florida Bar
    Standards for Lawyer
    Sanctions
    Ethics Information
    Lawyer Conduct
    UPL
    Advertising Rules
    Authorized House
    Counsel
    Foreign Legal
    Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

### 13 AUTHORIZED LEGAL AID PRACTITIONERS RULE
### 13-1 GENERALLY

### *RULE 13-1.7 DISCIPLINE*

**(a) Contempt; Withdrawal of Certification.** In addition to any appropriate proceedings and discipline that may be imposed by the Supreme Court of Florida under chapter 3 of these Rules Regulating The Florida Bar, the authorized legal aid practitioner shall be subject to the following disciplinary measures:

(1) the presiding judge or hearing officer for any matter in which the authorized legal aid practitioner has participated may hold the authorized legal aid practitioner in civil contempt for any failure to abide by such tribunal's order, in the same manner as any other person could be held in civil contempt; and

(2) the Supreme Court of Florida or the approved legal aid organization may, at any time, with or without cause, withdraw certification hereunder.

**(b) Notice to Home State of Disciplinary Action.** The Florida Bar shall notify the appropriate authority in the authorized legal aid attorney's home state of any disciplinary action taken against the authorized legal aid practitioner.

EXC- 8









➥ **Rules Regulating The Florida Bar**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
   INDEX
   Rules Regulating The
   Florida Bar
   Standards for Lawyer
   Sanctions
   Ethics Information
   Lawyer Conduct
   UPL
   Advertising Rules
   Authorized House
   Counsel
   Foreign Legal
   Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

**12 EMERITUS ATTORNEYS PRO BONO PARTICIPATION PROGRAM**
**12-1 GENERALLY**

### *RULE 12-1.1 PURPOSE*

Individuals admitted to the practice of law in Florida have a responsibility to provide competent legal services for all persons, including those unable to pay for such services. As one means of meeting these legal needs, the following rules establishing the emeritus attorneys pro bono participation program are adopted.



EX
D-1

*Ex D — 1*





**Law Practice Regulation**



**FLABAR ONLINE**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
  INDEX
  Rules Regulating The
    Florida Bar
  Standards for Lawyer
    Sanctions
  Ethics Information
  Lawyer Conduct
  UPL
  Advertising Rules
  Authorized House
    Counsel
  Foreign Legal
    Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

# ➥Rules Regulating The Florida Bar

**12 EMERITUS ATTORNEYS PRO BONO PARTICIPATION PROGRAM**
**12-1 GENERALLY**

## *RULE 12-1.2 DEFINITIONS*

**(a) Emeritus Attorney.** An "emeritus attorney" is any person, retired from the active practice of law, who is or was admitted to practice law before the highest court of Florida or any other state or territory of the United States or the District of Columbia;

(1) has been engaged in the active practice of law for a minimum of 10 out of the 15 years immediately preceding the application to participate in the emeritus program;

(2) has been a member in good standing of The Florida Bar or the entity governing the practice of law of any other state, territory, or the District of Columbia and has not been disciplined for professional misconduct by the bar or courts of any jurisdiction within the past 15 years;

(3) if not a retired member of The Florida Bar, has not failed the Florida bar examination 3 or more times;

(4) agrees to abide by the Rules of Professional Conduct and submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes;

(5) neither asks for nor receives compensation of any kind for the legal services to be rendered hereunder; and

(6) is certified under rule 12-1.5.

**(b) Approved Legal Aid Organization.** An "approved legal aid organization" for the purposes of this chapter is a not-for-profit legal aid organization that is approved by the Supreme Court of Florida as set forth herein. A legal aid organization seeking approval from the Supreme Court of Florida for the purposes of this chapter shall file a petition with the clerk of the Supreme Court of Florida certifying that it is a not-for-profit organization and reciting with specificity:

(1) the structure of the organization and whether it accepts funds from its clients;

(2) the major sources of funds used by the organization;

(3) the criteria used to determine potential clients' eligibility for legal services performed by the organization;

*EXD - 2*

( ) the types of legal and nonlegal services ( )ormed by the organization;

(5) the names of all members of The Florida Bar who are employed by the organization or who regularly perform legal work for the organization; and

(6) the existence and extent of malpractice insurance that will cover the emeritus attorney.

**(c) Supervising Attorney.** A "supervising attorney" as used herein is a member in good standing of The Florida Bar who directs and supervises an emeritus attorney engaged in activities permitted by this chapter. The supervising attorney must:

(1) be employed by or be a participating volunteer for an approved legal aid organization; and

(2) assume personal professional responsibility for supervising the conduct of the matter, litigation, or administrative proceeding in which the emeritus attorney participates.

*ERD - 3*







## ➥ Rules Regulating The Florida Bar

**Online Directory**
**Organization**
**Member Services**
**Consumer Services**
**Online Media Center**
**Legislative Info.**
**Regulation**
  **INDEX**
  **Rules Regulating The**
  **Florida Bar**
  **Standards for Lawyer**
  **Sanctions**
  **Ethics Information**
  **Lawyer Conduct**
  **UPL**
  **Advertising Rules**
  **Authorized House**
  **Counsel**
  **Foreign Legal**
  **Consultant**
**Professionalism**
**Links**
**Service Providers**

**StoreFront**

**For The Children**
**Dignity In Law**

**Full-Site Search**
**Contact Us**
**Open Sitemap**
**PDF Help**

**12 EMERITUS ATTORNEYS PRO BONO PARTICIPATION
PROGRAM
12-1 GENERALLY**

### *RULE 12-1.3 ACTIVITIES*

**(a) Permissible Activities.** An emeritus attorney, in association with an approved legal aid organization and under the supervision of a supervising attorney, may perform the following activities:

(1) The emeritus attorney may appear in any court or before any administrative tribunal in this state on behalf of a client of an approved legal aid organization if the person on whose behalf the emeritus attorney is appearing has consented in writing to that appearance and a supervising attorney has given written approval for that appearance. The written consent and approval shall be filed in the record of each case and shall be brought to the attention of a judge of the court or the presiding officer of the administrative tribunal.

(2) The emeritus attorney may prepare pleadings and other documents to be filed in any court or before any administrative tribunal in this state in any matter in which the emeritus attorney is involved. Such pleadings also shall be signed by the supervising attorney.

(3) The emeritus attorney may engage in such other preparatory activities as are necessary for any matter in which the emeritus attorney is involved.

**(b) Determination of Nature of Participation.** The presiding judge or hearing officer may, in the judge's or officer's discretion, determine the extent of the emeritus attorney's participation in any proceedings before the court.

*EXD- .4*

Case 1:04-cv-21768-... Document 12-1   Entered on FLSD Docket 12/21/2004   Page 46 of 61



**FLABAR ONLINE**

 Law Practice Regulation



➡️ **Rules Regulating The Florida Bar**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
   INDEX
   Rules Regulating The
   Florida Bar
   Standards for Lawyer
   Sanctions
   Ethics Information
   Lawyer Conduct
   UPL
   Advertising Rules
   Authorized House
   Counsel
   Foreign Legal
   Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

## 12 EMERITUS ATTORNEYS PRO BONO PARTICIPATION PROGRAM
### 12-1 GENERALLY

### RULE 12-1.4 SUPERVISION AND LIMITATIONS

**(a) Supervision by Attorney.** An emeritus attorney must perform all activities authorized by this chapter under the direct supervision of a supervising attorney.

**(b) Representation of Bar Membership Status.** Emeritus attorneys permitted to perform services under this chapter are not, and shall not represent themselves to be, active members of The Florida Bar licensed to practice law in this state.

**(c) Payment of Expenses and Award of Fees.** The prohibition against compensation for the emeritus attorney contained in rule 12-1.2(a)(5) shall not prevent the approved legal aid organization from reimbursing the emeritus attorney for actual expenses incurred while rendering services hereunder nor shall it prevent the approved legal aid organization from making such charges for its services as it may otherwise properly charge. The approved legal aid organization shall be entitled to receive all court-awarded attorneys' fees for any representation rendered by the emeritus attorney.

*EXD - 5*

Case 1:04-cv-23173-PAM    Document 1-1    Entered on FLSD Docket 12/21/2004    Page 47 of 61




**FLABAR ONLINE**



# ➡ Rules Regulating The Florida Bar

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
  INDEX
  Rules Regulating The
  Florida Bar
  Standards for Lawyer
  Sanctions
  Ethics Information
  Lawyer Conduct
  UPL
  Advertising Rules
  Authorized House
  Counsel
  Foreign Legal
  Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

## 12 EMERITUS ATTORNEYS PRO BONO PARTICIPATION PROGRAM
## 12-1 GENERALLY

### *RULE 12-1.5 CERTIFICATION*

**Permission to Perform Services.** Permission for an emeritus attorney to perform services under this chapter shall become effective upon filing with and approval by the clerk of the Supreme Court of Florida of:

**(a)** a certification by an approved legal aid organization stating that the emeritus attorney is currently associated with that legal aid organization and that an attorney employed by or participating as a volunteer with that organization will assume the duties of the supervising attorney required hereunder;

**(b)** a certificate from the highest court or agency in the state, territory, or district in which the emeritus attorney previously has been licensed to practice law, certifying that the emeritus attorney has fulfilled the requirements of active bar membership and has a clear disciplinary record as required by rule 12-1.2(a)(2); and

**(c)** a sworn statement by the emeritus attorney that the emeritus attorney:

**(1)** has read and is familiar with the Rules of Professional conduct as adopted by the Supreme Court of Florida and will abide by the provisions thereof;

**(2)** submits to the jurisdiction of the Supreme Court of Florida for disciplinary purposes, as defined by the Rules of Discipline and by rules 12-1.2(a)(4) and 12-1.7; and

**(3)** will neither ask for nor receive compensation of any kind for the legal services authorized hereunder.

*EXD* – '6







**FLABAR ONLINE**

**➡ Rules Regulating The Florida Bar**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
   INDEX
   Rules Regulating The
   Florida Bar
   Standards for Lawyer
   Sanctions
   Ethics Information
   Lawyer Conduct
   UPL
   Advertising Rules
   Authorized House
   Counsel
   Foreign Legal
   Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

## 12 EMERITUS ATTORNEYS PRO BONO PARTICIPATION PROGRAM
## 12-1 GENERALLY

### RULE 12-1.6 WITHDRAWAL OF CERTIFICATION

**(a) Withdrawal of Permission to Perform Services.** Permission to perform services under this chapter shall cease immediately upon the filing with the clerk of the Supreme Court of Florida of a notice either:

(1) by the approved legal aid organization stating that:

(A) the emeritus attorney has ceased to be associated with the organization, which notice must be filed within 5 days after such association has ceased; or

(B) certification of such attorney is withdrawn. An approved legal aid organization may withdraw certification at any time and it is not necessary that the notice state the cause for such withdrawal. A copy of the notice filed with the clerk of the Supreme Court of Florida shall be mailed by the organization to the emeritus attorney concerned.

(2) by the Supreme Court of Florida, in its discretion, at any time, stating that permission to perform services under this chapter has been revoked. A copy of such notice shall be mailed by the clerk of the Supreme Court of Florida to the emeritus attorney involved and to the approved legal aid organization by which the emeritus attorney had been certified.

**(b) Notice of Withdrawal.** If an emeritus attorney's certification is withdrawn for any reason, the supervising attorney shall immediately file a notice of such action in the official file of each matter pending before any court or tribunal in which the emeritus attorney was involved.

EXD - 7







**FLABAR ONLINE**

➡ **Rules Regulating The Florida Bar**

Online Directory
Organization
Member Services
Consumer Services
Online Media Center
Legislative Info.
Regulation
   INDEX
   Rules Regulating The
   Florida Bar
   Standards for Lawyer
   Sanctions
   Ethics Information
   Lawyer Conduct
   UPL
   Advertising Rules
   Authorized House
   Counsel
   Foreign Legal
   Consultant
Professionalism
Links
Service Providers

StoreFront

For The Children
Dignity In Law

Full-Site Search
Contact Us
Open Sitemap
PDF Help

## 12 EMERITUS ATTORNEYS PRO BONO PARTICIPATION PROGRAM
## 12-1 GENERALLY

### *RULE 12-1.7 DISCIPLINE*

In addition to any appropriate proceedings and discipline that may be imposed by the Supreme Court of Florida under the Rules of Discipline or the Rules of Professional Conduct, the emeritus attorney shall be subject to the following disciplinary measures:

**(a)** the presiding judge or hearing officer for any matter in which the emeritus attorney has participated may hold the emeritus attorney in civil contempt for any failure to abide by such tribunal's orders; and

**(b)** the Supreme Court of Florida or the approved legal aid organization may, at any time, with or without cause, withdraw certification hereunder.

*EXD - #8*

NEW YORK & FEDERAL LEGAL MATTERS
M. RONALD GOULD LICENSED NEW YORK
ATTORNEY 305 MADISON AVENUE, STE 1166
NEW YORK, N.Y. 10165
FREE PHONE CONSULTATION 212 206 6686

Ex E-1

NEW YORK LEGAL MATTERS ONLY
M. RONALD GOULD LICENSED NEW YORK
ATTORNEY 1201 BRICKELL AVENUE , STE. 630
MIAMI, FLORIDA 33131
FREE PHONE CONSULTATION 305 865 2962

Ex  E-2



# THE FLORIDA BAR

**RIVERGATE PLAZA, SUITE M-100**
**444 BRICKELL AVENUE**
**MIAMI, FL 33131-2404**

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

305/377-4445
WWW.FLABAR.ORG

October 11, 2002

Mr. Ronald Gould
Gould & Company Chartered Law Offices
1201 Brickell Avenue
Ste. 630
Miami, Fl 33131

**Re:** **Unlicensed Practice of Law Investigation of Ronald Gould/Gould & Company Chartered Law Offices**
**The Florida Bar File No. 2003-4041(11C)**

Dear Mr. Gould:

Your letterhead has come to my attention in the Unlicensed Practice of Law Division as you are not a Florida Bar member. Please advise what services you provide at your Miami address. I am enclosing for your information a copy of The Florida Bar v. Kaiser, 379 So. 2d 1132 (Fla. 1981) and The Florida Bar v. Tate, 552 So. 2d 1106 (Fla. 1989). If you are only engaged in an immigration practice and you are a licensed attorney in New York, using a Miami, Florida address, needs to state: *Not A Member of The Florida Bar, Only licensed in New York*, or *Practice Limited To Immigration Law.*

I would appreciate receiving your written response no later than **October 30, 2002**. A reply from you will assist my office in determining whether this is a matter which should be referred to an unlicensed practice of law committee.

Thank you for your cooperation.

Very truly yours,

JACQUELYN PLASNER NEEDELMAN
Bar Counsel
Unlicensed Practice of Law Department-Miami

JPN:mgf

Ex F-1

Enclosure

**PAGE 2 -**

<u>NOTICE TO RESPONDENT</u>:

Pursuant to Rule 10-8.1 of the Rules Governing the Investigation and Prosecution of the Unlicensed Practice of Law, any response by you in these proceedings shall become a part of the UPL record in this matter and thereby become accessible to the public upon closure of the case. Disclosure during the pendency of an investigation may be made in response to specific inquiry only as to the existence of a pending investigation and the status of the investigation. However, a copy of your response may be provided to the complainant.

F. 2

1201 Brickell Avenue, Ste 630
Miami, Florida 33131
(305) 371 9711
(305) 861 7272

**GOULD & COMPANY CHARTERED**
**LAW OFFICES**

REC'D  MAILROOM
ACTION NEEDED
BY YOUR OFFICE

Offices Hanhes
Immigration & Naturalization Service
7880 Biscayne Boulevard
Miami, Fl. 33138

RE:    Lydia Philpot  IR Sec. 245 A79 409 036

Dear Officer Hanhes:

I received a phone call on August 7th, from my client who was rightfully outraged, disgusted and depressed because she and her husband have not received the approval of her status. They personally delivered to your office all of the requested papers on March 31, 2002. You were the one who told them to personally deliver the documents. You did not give them the option of mailing the documents. I am enclosing a copy of your request. You did not take into consideration that they live about 30 miles from your office. I expected and they also expected that Mrs. Philpot's passport would be stamped showing she is a resident alien. I know of no regulation or statute which would be the foundation for a denial of U.S. resident status. I think the inordinate delay is not justified where as here this is a case of elementary issues. Please note the number of children they have.

If you had any reason to deny their case or to find some other document that was missing you had four months to notify them or me, as the Attorney. Please make a decision do not just let the case go unadjudicated.

Sincerely,

*Ronald Gould*

Ronald Gould
enc:

F. 3

AUG-27-2002  10:27                                                                P.02

## NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: | DATE |
| --- | --- |
| I-485 PERMANENT RESIDENCE STATUS | FILE No.   NONE |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| NAME | | | ☐ Petitioner | ☒ Applicant |
| --- | --- | --- | --- | --- |
| LYDIA | PHILPOT | | ☒ Beneficiary | ☐ |
| ADDRESS    (Apt. No.) | (Number & Street) | (City) | (State) | (ZIP Code) |
| 3201 N.W. 45 TERRACE | | LAUDERDALE LAKES | FLORIDA | 33319 |
| NAME | | | ☐ Petitioner | ☐ Applicant |
| | | | ☐ Beneficiary | ☐ |
| ADDRESS    (Apt. No.) | (Number & Street) | (City) | (State) | (ZIP Code) |

Check applicable item(s) below:

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

UNITED STATES _____ SUPREME COURT _____ and am not under a
                                        (Name of Court)

court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request.   (If you check this item, also check item 1 or 2 whichever is appropriate.)

☐ 4. Others (Explain fully.)

| SIGNATURE | COMPLETE ADDRESS .
6565 ALLISON ROAD
MIAMI BEACH, FLORIDA  33141
305 861 7272 FAX |
| --- | --- |
| NAME (Type or Print)
RONALD GOULD | TELEPHONE NUMBER
(305) 371-9711 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:                    RONALD GOULD
                                                 (Name of Attorney or Representative)

THE ABOVE DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:

| NAME OF PERSON CONSENTING
LYDIA PHILPOT | SIGNATURE OF PERSON CONSENTING
Lydia M Philpot | DATE
5/7/01 |
| --- | --- | --- |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

Form G-28                        F. 4   (OVER)                UNITED STATES DEPARTMENT OF JUSTICE
                                                              Immigration and Naturalization Service

(305)371-9711
Fax (305)861-7272
E-Mail: Gould1217@aol.com

*Law Firm*

**GOULD & COMPANY, CHARTERED**
*1201Brickell Avenue, Suite 630*
*MIAMI, FLORIDA 33131*

October 27th, 2002

Jacquelyn Plasner Needelman
Bar Counsel
The Florida Bar
444 Brickell Avenue, Suite M-100
Miami, Florida 33131

RE:   UPL Investigation #2003-4041 (11C)

Dear Ms. Needelman:

I am a member in good standing of The New York Bar. I have practiced law in Miami for 25 years.   I have never had a complaint sent to your office suggesting that I stated that I was a member of the Florida Bar or that I practice Florida Law.     I am admitted to the Supreme Court of The United States, the United States Circuit Court of Appeals for the First, Second, Fifth, Ninth and the Eleventh. My admission to these courts are not ceremonial. I recently filed a Writ of Certiorari with the Supreme Court.  I have argued cases before the First Circuit U.S. Court of Appeals in 2001. I have represented persons before the Second and the Fifth Circuit Court of Appeals.  And in 2002 before the 11th Circuit Court of Appeals which has jurisdiction over the State of Florida.   These courts have their own rules of practice and allow me to appear before them on any matter.  Sperry v. Florida Bar literally means that any attorney can have an office in any State and practice any Federal Administrative Law.  I would be entitled to practice Federal Tax Law, FCC, FDA and Social Security Law. I would be entitled to practice law before any court that I am admitted. So you can see my practice is not limited to Immigration & Nationality Law.  I would say my practice is limited to Federal Administrative and Federal Appellate Practice.

I welcome your suggestion as to what my letterhead, business cards and office building directory should read.  My thought is the notation " Federal Administrative Law & Federal Appellate Practice".

I await your earliest instructions.

Sincerely,

Ronald Gould

F- 5



# THE FLORIDA BAR

RIVERGATE PLAZA, SUITE M-100
444 BRICKELL AVENUE
MIAMI, FL 33131-2404

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

305/377-4445
WWW.FLABAR.ORG

January 13, 2003

Mr. Ronald Gould
Gould & Company Chartered Law Offices
1201 Brickell Avenue, Ste. 630
Miami, Fl 33131

Re:   <u>Unlicensed Practice of Law Investigation of Ronald Gould/Gould & Company<br>Chartered Law Offices<br>The Florida Bar File No. 2003-4041(11C)</u>

Dear Mr. Gould:

In response to your letter, in the area of federal administrative practice, if there is a rule or regulation which allows an attorney admitted in another state or a nonattorney to appear before the agency, Florida cannot enjoin the activity as the unlicensed practice of law. <u>The Florida Bar v. Sperry</u>, 373 U.S. 379 (1963). Whether the activity is allowed and the extent to which the individual may appear and/or practice will be governed by the rules of that particular agency. If the agency does not have a rule allowing the practice, any representation would constitute the unlicensed practice of law.

Having said the above, please note that Florida has a unified bar, and generally speaking, all persons engaged in the practice of law here must be members of The Florida Bar. <u>Chandris v. Yanakakis</u>, 668 So. 2d 180 (Fla. 1995). An attorney admitted to the practice of law in a state other than Florida may not engage in the general practice of law in Florida. Thus, while practice before a particular federal agency may be authorized, there is no authority which permits an out-of-state attorney to engage in a general federal administrative practice. Therefore, I believe the use of "Federal Administrative Law & Federal Appellate Practice" would be a problem. I believe letterhead stating "Not a Member of The Florida Bar" or "Only Licensed in New York" would be more appropriate regarding your immigration practice and any other authorized practice.

Please advise if you will make this change on or before <u>January 27, 2003</u>. If you have any questions, please call me at (305) 377-4445, ext. 218.

Very truly yours,

JACQUELYN PLASNER NEEDELMAN
Bar Counsel
Unlicensed Practice of Law Department-Miami

Admitted New York Bar Only

(305)371-9711
Fax (305)861-7272
E-Mail: Gould1217@aol.com

*Law Firm*
## GOULD & COMPANY CHARTERED
*1201 Brickell Avenue, Suite 630*
*MIAMI, FLORIDA 33131*

January 15th, 2003

Ms. Jacquelyn Plasner Needleman
The Florida Bar
Rivergate Plaza, Suite M-100
444 Brickell Avenue
Miami, Florida 33131-2404

Re:     UPL 2003-4041 (11C) Ronald Gould/Gould & Company, Chartered Law Offices

Dear Ms. Needleman:

I am in receipt of your decision re the above. I will add to my letterhead and business cards "New York Bar Only".

In order for no misunderstanding to occur; I intend to continue the practice of law before every Court and Federal Administrative Agency that admits me to practice based on their admission requirements. I see no difference in my practicing before any Federal Administrative Agency just as I do before the Immigration & Naturalization Service, United States Department of State and the Florida Department of Labor.

Sincerely,

Ronald Gould

F - 7



# THE FLORIDA BAR

RIVERGATE PLAZA, SUITE M-100
444 BRICKELL AVENUE
MIAMI, FL 33131-2404

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

305/377-4445
WWW.FLABAR.ORG

February 17, 2003

Mr. Ronald Gould
Gould & Company Chartered Law Offices
1201 Brickell Avenue, Ste. 630
Miami, Fl 33131

Re:   **Unlicensed Practice of Law Investigation of Ronald Gould/Gould & Company**
      **Chartered Law Offices**
      **The Florida Bar File No. 2003-4041(11C)**

Dear Mr. Gould:

I am closing my file as you are adding to your letterhead and business cards *"New York Bar Only"*.

Thank you for your kind cooperation.

Very truly yours,

JACQUELYN PLASNER NEEDELMAN
Bar Counsel
Unlicensed Practice of Law Department-Miami

JPN:mgf

8



# THE FLORIDA BAR

**RIVERGATE PLAZA, SUITE M-100**
**444 BRICKELL AVENUE**
**MIAMI, FL 33131-2404**

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

305/377-4445

June 4, 1999

Mr. Ronald Gould
Gould and Company
1401 Brickell Avenue
Suite 850
Miami, Florida   33131

Re:   **Unlicensed Practice of Law Investigation of Ronald Gould**
      **The Florida Bar File No. 99-4023(11C)**

Dear Mr.Gould:

I am closing the above-referenced file as you are a member of the New York Bar and therefore,
able to handle immigration matters.

Very truly yours,

JACQUELYN PLASNER NEEDELMAN
Branch Unlicensed Practice of Law Counsel

JPN:mgf

9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

MORRIS RONALD GOULD
a/k/a RONALD GOULD

**DEFENDANTS** 04-23178

FLORIDA BAR, JHON F. HARKNESS, Jr.
CHIEF JUSTICE, BARBARA J. PARIENTE
JACQUELYN PLASNER NEEDELMAN
FLORIDA BAR COUNSEL.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)   MORENO

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

Dade AM - 23178 CN FAM / BG

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

RONALD GOULD
1201 BRICKELL AVE. SUITE 630
MIAMI=. FLORIDA 33131

ATTORNEYS (IF KNOWN)   MAGISTRATE JUDGE
GARBER

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                      AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | A☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☒ 444 Welfare | A☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

U.S. Constitution Amend. 1st & 14th.
Denial of equal protection of the laws and denial of protection
of commercial speech.

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   December 17, 2004

SIGNATURE OF ATTORNEY OF RECORD   Morris Ronald Gould

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT $150.00   APPLYING IFP 912733   JUDGE _____   MAG. JUDGE _____

12-20-04