FILED by _____ D.C.
ELECTRONIC

**Feb 24 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No.  04-23178, CIV- Moreno/Garber

Morris Ronald Gould
a/k/a Ronald Gould

                    Plaintiff,

vs.

Florida Bar, John F. Harkness, Jr.
Executive Director, Florida Bar, and
Jacquelyn Plasner Needelman
Florida Bar Counsel,

                    Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, The Florida Bar, John F. Harkness, Jr., and Jacquelyn Plasner Needelman, pursuant to Rule 56, Federal Rules of Civil Procedure, move for summary judgment as to Counts 11 and 14 of Plaintiff's Complaint and state:

### I.    SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered ... [where] there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ.P. 56(c) (2006).  Once the moving party has sustained its burden of showing there is no genuine issue of material fact, the opposing party must introduce specific evidence creating a genuine issue of material fact for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, (1986) (noting that moving party may meet its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment"). Where the opposing party fails to meet this shifted burden, summary judgment is mandatory. *Celotex*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 248-50.

Here, the evidence demonstrates that each of Gould's remaining counts fails as a matter of law. No material factual issues are in dispute and, as explained below, Gould cannot carry his burden of proof at trial. Summary disposition is therefore warranted in favor of the Defendants.

## II.   REMAINING COUNTS AT ISSUE

Two counts remain to Gould's Complaint, Counts 11 and 14. In both, Gould is challenging The Florida Bar's anticipated restriction of proposed commercial speech as violative of his First Amendment freedoms. The Florida Bar contends that the commercial speech at issue is both unlawful and misleading and thus, not protected by the First Amendment.

Specifically, Count 11 challenges what Gould anticipates will be a prohibition by The Florida Bar of two proposed advertisements attached to the Complaint as Exhibits "E-1" and "E-2." The Florida Bar agrees that the advertisement attached as Exhibit "E-1" to the Complaint is on its face lawful as Gould is a licensed member of the New York Bar.[1] The proposed advertisement attached as "E-2" to the Complaint, however, concerns both unlawful conduct and is misleading. This proposed advertisement states:

> NEW YORK LEGAL MATTERS ONLY
> M. RONALD GOULD LICENSED NEW YORK
> ATTORNEY 1201 BRICKELL AVENUE, STE. 630
> MIAMI, FLORIDA 33131
> FREE PHONE CONSULTATION  305 865 2962

---

[1] Exhibit "E-1," states:
> NEW YORK & FEDERAL LEGAL MATTERS
> M. RONALD GOULD LICENSED NEW YORK
> ATTORNEY 305 MADISON AVENUE, STE 1166
> NEW YORK, N.Y. 10165
> FREE PHONE CONSULTATION 212 206 6686

Gould is seeking an order declaring the anticipated restriction an unlawful prohibition of his First Amendment rights and an injunction prohibiting the Defendants from interfering with the publication of the proposed advertisements.

In Count 14, Gould contends that The Florida Bar has violated his First Amendment rights by notifying him that he cannot use the words "Federal Administrative Practice," in Florida on his letterheads, business cards, advertisements, or Yellow Page listings. Hereto, Gould is seeking a declaration that the Defendants are violating his First Amendment rights, as well as an injunction precluding the Defendants from filing an unlicensed practice of law charge against him and other relief the court deems just and proper.

## III.    UNDISPUTED MATERIAL FACTS

The following material facts are not in dispute. Gould has been a resident of the State of Florida for twenty-nine years and maintains law offices in the City of Miami, County of Miami-Dade, in the State of Florida. *See* Complaint, ¶ 3 and Interrogatory No. 9 and Admission No. 2, attached hereto at Exhibit "A." Gould is admitted to practice law in the State of New York; Court of Appeals of the State of New York; the United States District Court for the Southern District of New York; the First, Second, Fifth and Eleventh United States Courts of Appeal; and the Supreme Court of The United States. *Id.*; *see also* Interrogatory, No. 1, attached at Exhibit "A." Gould is not, however, licensed to practice law in the State of Florida. Interrogatory No. 1 and No. 9.; *see also* Admissions, No. 1 and No. 2, attached at Exhibit "A," *see also* Complaint, ¶ 3.

## IV.    UNLICENSED PRACTICE OF LAW

Inherent in the Florida Supreme Court's supervisory power under article V, section 15, of the Florida Constitution, is the authority to prohibit the unauthorized practice of law.   See

Case No.  04-23178, CIV- Moreno/Garber

*Amendments to Rules Regulating the Fla Bar-Advertising rules,* 762 So. 2d 392, 393-394 (Fla. 1999), and citations contained therein. Accordingly, absent state or federal legislation specifically authorizing the unlicensed practice of law in Florida, conduct which constitutes the practice of law is subject to the Florida Supreme Court's constitutional responsibility to protect the public. See *Amendments to Rules Regulating the Fla Bar-Advertising rules,* 762 So. 2d at 393. Gould, an out-of-state lawyer, is not licensed to practice law in Florida and, consequently, constitutes a nonlawyer, subject to the Florida Supreme Court's responsibility to protect the public. See Rule 10-2.1(c)(Explicitly defining a "nonlawyer or nonattorney" as "an individual who is not a member of The Florida Bar… [including] lawyers admitted in other jurisdictions."

Chapter 10 of the Rules Regulating the Florida Bar (Rules Governing the Investigation and Prosecution of the Unlicensed Practice of Law) defines the unlicensed practice of law as "the practice of law, as prohibited by statute, court rule, and case law of the state of Florida." See Rule 10-2.1(a). It further states that, "[I]t shall constitute the unlicensed practice of law for a lawyer admitted in a state other than Florida to advertise to provide legal services in Florida which the lawyer is not authorized to provide." See Rule 10-2.1(A)(3). See also *Amendments to Rules Regulating the Fla Bar-Advertising rules,* 762 So. 2d at 394, *relying on, Florida Bar v. Kaiser,* 397 So. 2d 1132, 1133 (Fla. 1981), *Florida Bar v. Savitt,* 363 So. 2d 559 (Fla. 1978), *Florida Bar v. Tate,* 552 So. 2d 1106, 1107 (1989), and *Chandris v. Yanakakis,* 668 So. 2d 180 (Fla. 1995); and *Amendments to the Rules Regulating The Florida Bar,* 820 So. 2d 210, 287 (Fla. 2002). Accordingly, Gould is prohibited from advertising to provide legal services in Florida. Gould's proposed advertisements constitute the unlicensed practice of law and Gould can point to no state of federal legislation that specifically authorizes his conduct.

4

Case No. 04-23178, CIV- Moreno/Garber

## V.    THE FIRST AMENDMENT

Summary judgment is warranted as to Counts 11 and 14 as the First Amendment does not

protect commercial speech that is misleading **or** concerns an unlawful activity.  *See Central*

*Hudson Gas & Electric Corp. v. Public Service Comm'n of New York*, 447 U.S. 557, 563-64

(1980); *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60 (1983); and *Nordyke v. Santa Clara*

*County*, 110 F.3d 707 (9th Cir. 1997).   The U.S. Supreme Court announced in *Central Hudson*

*Gas &b Electric Corp v. Public Service Comm'n,* 447 U.S. 557 (1980), the following four-prong

test to resolve First Amendment challenges:

> At the outset, we must determine whether the expression is
> protected by the First Amendment.  **For *commercial speech* to
> come within that provision, it at least must concern *lawful
> activity* and not be *misleading.*** Next, we ask whether the asserted
> governmental interest is substantial.  If both inquiries yield positive
> answers, we must determine whether the regulation directly
> advances the governmental interest asserted, and whether it is not
> more extensive than is necessary to serve that interest.

*Central Hudson,* 477 U.S. at 565.   Gould's *proposed* advertisements are both unlawful and

misleading, as:

> 1) Gould is not lawfully authorized to provide legal advice or
> advertise services to provide legal advice regarding matters of New
> York law from his office *in Florida* and the advertisement is
> misleading as it portrays the conduct as lawful; and
>
> 2) Gould is not lawfully authorized to engage in a general federal
> administrative practice or advertise services to engage in general
> federal administrative practice in Florida and the advertisement is
> misleading as it portrays the conduct as lawful.

Consequently, Gould cannot satisfy *his burden* to meet the very first prong of the *Central*

*Hudson* test.   The First Amendment inquiry is complete; thus, disposition in favor of the

Defendants is warranted.   *Id.* at 563-564 (Noting that commercial messages that do not

5

accurately inform the public about lawful activity or commercial messages that are related to illegal activity may be banned); *Whitaker v. Thompson,* 239 F.Supp.2d 43, 54 (D.D.C. 2003) (Granting motion to dismiss, "[a]s there is no doubt that unlawful speech can be banned under the first step of the Central Hudson analysis; thus, the FDA's prohibition of plaintiffs' unlawful health claim does not violate the First Amendment"); *Brandwein v. California Bd. of Osteopathic Examiners*, 708 F.2d 1466, 1469-70 (9th Cir. 1983) (Affirming dismissal, and holding that "First Amendment rights [were] not violated by the state's refusal to allow [plaintiff] to hold himself out to the public under a degree which he [had] not earned;" the plaintiff could not use a title associated with a school with which he chose not to attend); *Smith v. Umbdenstock*, 962 F.2d 11; 1992 WL 97976, *2 (7th Cir. 1992)(Unpublished opinion)(Affirming district court's dismissal for failure to state a claim; "The First Amendment claim fail[ed] because [plaintiff] wishe[d] to advertise a willingness to do something that he is not permitted to do," *i.e.*, advertise to provide legal services); *Hillman Flying Service, Inc. v. City of Roanoke*, 652 F.Supp. 1142, 1149 (W.D.Va. 1987) (Dismissing First Amendment claim where plaintiff could not legally have sold aviation fuel and therefore could not advertise to the contrary); *Cresenzi Bird Importers, Inc. v. State of N.Y.*, 658 F.Supp. 1441, 1448 (S.D.N.Y. 1987) (Recognizing that "[t]he Supreme Court has made it clear that a state may constitutionally prohibit advertising where the underlying sale is illegal").

While the First Amendment commercial speech analysis is complete, as Gould's proposed speech cannot pass the first prong on the *Central Hudson* test, it is worth noting that the Florida Bar has a clear and substantial interest in the regulation of the practice of law by nonlawyers. This substantial interest has been consistently articulated by The Florida Supreme Court, as follows:

> Because such activities--when performed by nonlawyers--are wholly unregulated and unsanctionable, we further agree with the proposed opinion that these activities must be enjoined.  In these circumstances, the public faces a potential  for  harm from incompetent and unethical representation by compensated nonlawyers which cannot otherwise be remedied.
>
> *Florida Bar re: Advisory Opinion on Nonlawyer Representation in Securities Arbitration,* 696 So. 2d 1178, 1183 (Fla. 1997), relying on *Florida Bar v. Moses,* 380 So. 2d 412, 417 (Fla 1980); and

> The reason for prohibiting the practice of law by those who have not been examined and found qualified to practice is frequently misunderstood.  It is not done to aid or protect the members of the legal profession either in creating or maintaining  a monopoly or closed shop.  It is done to protect the public from being advised and represented in legal matters by unqualified persons over whom the judicial department can exercise little, if any, control in the matter of infractions of the code of conduct which, in the public interest, lawyers are  bound to observe.
>
> *Chandris v. Yanakakis,* 668 So. 2d 180, 184 (Fla. 1996), *citing, Florida Bar v. Sperry,* 140 So. 2d 587, 595 (Fla. 1962), *rev'd on other grounds,* 373 U.S. 379 (1963).

This substantial interest has also been recognized by the U.S. Supreme Court. See *Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 625 (1995) (Recognizing that states have a compelling interest in professions practicing within its borders as part of the power to protect the public health, safety and other valid interests and have the broad power to regulate the practice of these professions and establish standards for licensing);  *Sperry v. Florida Bar,* 373 U.S. 379, 383 (1963)(Wherein the Court stated, "Nor do we doubt that Florida has a substantial interest in regulating the practice of law within the State and that, in the absence of federal legislation, it could validly prohibit nonlawyers from engaging in this circumscribed form of patent practice"); and *Ohralik v. Ohio State Bar Assn.,* 436 U.S. 447, 460 (1978)(Noting that the State bears a "special responsibility for maintaining standards among members of licensed professions").

The restriction on Gould's right to advertise legal services is directly related to and advances Florida's substantial interest in protecting the public "from being advised and

represented in legal matters by unqualified persons over whom the judicial department can exercise little, if any, control in the matter of infractions of the code of conduct which, in the public interest, lawyers are  bound to observe." *Chandris* at 184.  Last, the restriction is not broader than necessary.  Not all advertisements are unlawful; Gould may lawfully advertise legal services that he is authorized by state of federal law to perform.  For instance, The Florida Bar has advised Gould that he may lawfully advertise that he practices immigration law.  See Exhibit "F-1" to the Complaint. See also *Florida Bar v. Kaiser,* 397 So. 2d 1132, 1133 (Fla. 1981)(Relying on *Sperry v. Florida Bar,* 373 U.S. 379 (1963), recognizing that the plaintiff, an out-of-state lawyer could practice immigration and naturalization law in Florida even though he is not a member of the Florida Bar).  Thus, under the *Central Hudson* test, as further illustrated below, summary judgment in favor of the Defendants is warranted.

### A.     COUNT 11

The Defendants take issue with Gould's second proposed advertisement.   The advertisement states "New York legal matters only" and provides that a free consultation may be obtained by calling Gould's office *in Florida*.  It is unlawful for Gould to advertise to provide legal services in Florida. Further, the public would almost certainly believe that Gould could consult them regarding matters of New York law from Gould's office in Florida, as that is what is represented.

Gould, may not advertise to give advice regarding matters of New York law from his office in Florida.  Rule 10-2.1(a)(3) specifically provides that:

> It shall constitute the unlicensed practice of law for a lawyer admitted in a state other than Florida **to advertise to provide legal services *in Florida*** for which the lawyer is not authorized to provide.

*Id.* (emphasis added).   Prohibitions concerning the unlicensed practice of law are further expounded upon in Rule 4-5.5, which specifically provides that:

> A lawyer who is not admitted to practice in Florida shall not:
>
> (1) except as authorized by other law, establish an office or other regular presence in Florida for the practice of law; or
>
> (2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in Florida.

Gould is therefore prohibited by Rules 10-2.1(a)(3) and 4-5.5 from: (1) advertising to provide unauthorized legal services in Florida, and (2) establishing an office or other regular presence in Florida for the unauthorized practice of law.   The second proposed advertisement violates these prohibitions.   It is also unlawful, pursuant Section 454.23, Florida Statues, for a nonlawyer to practice law, or to hold himself out to the public as qualified to practice law, in the State of Florida.   The second proposed advertisement therefore concerns unlawful activity and improperly suggests that Gould is authorized to give legal advice regarding matters of New York law from his office in Florida.

No exception under state or federal law exists that would authorize Gould to advertise to provide New York law legal services or general federal administrative legal services in Florida.

Count 11 fails as a matter of law.

### B.   COUNT 14.

In Count 14 Gould essentially claims that his right to engage in commercial speech is being violated because he is prohibited from using the phrase "Federal Administrative Practice" on his letterhead, business cards, advertisements and yellow page listings in Florida.   Gould, a "nonlawyer," is not authorized, however, to engage in a general federal administrative practice in

9

Case No.  04-23178, CIV- Moreno/Garber

Florida.   Thus, his proposed advertisement does not survive the first prong of the *Central Hudson* test.

Persons not admitted to practice law in Florida, may be authorized by law or order of an administrative agency to appear before it.   However, unlike federal law that authorizes nonlawyers to practice before the Immigration Agency or the Patent Office, there is no state or federal law, rule or regulation that allows non-licensed attorneys to engage in a general "federal administrative practice" while in Florida.   *See Chandris v. Yanakakis,* 668 So. 2d 180, 183-184 (Fla. 1996) (Analyzing *Sperry* and finding no merit to the "argument that there is a general federal law exception to Florida's bar admission requirement;" a federal law must specifically authorize a non-lawyer to practice before the federal agencies as no general authority exists); *Sperry v. State of Florida,* 373 U.S. 379, 383 and 402 (1963) (Explaining that absent federal legislation, Florida could prohibit nonlawyers from engaging in patent practice; because "patent practitioners are authorized to practice only before the Patent Office, the state maintains control over the practice of law within its borders except to the limited extent necessary for the accomplishment of the federal objectives"); *Norfolk & Western Railway Co. v. Beatty*, 400 F.Supp. 234, 237 (S.D.Ill. 1975) (Refusing to "create a limited federal or national bar and to impose it on the states;" to do so would totally disregard the state's substantial interest in controlling the practice of law within its courts); *The Florida Bar v. Rapoport*, 845 So.2d 874 (Fla. 2003) (Finding nonlawyer was not authorized to engage in federal securities arbitration proceedings and could not operate a law practice or engage in the general practice of law in Florida). See also, *5 U.S.C. Section 500(b)*(Providing that authorization for representation before a federal administrative agency is on a case-by-case basis and requires a case-by-case written

10

Case No.  04-23178, CIV- Moreno/Garber

declaration that the representative is qualified and authorized to represent the particular person before the particular agency).

In the absence of a state or federal statute that specifically authorizes Gould to engage in a general "Federal Administrative Practice," Gould may not use the phrase in "advertisements to inform the public of the kind of law Plaintiff practices." *See* Complaint, ¶ 98; Rule 10-2.1(3) (providing that "[i]t shall constitute the unlicensed practice of law for a lawyer admitted in a state other than Florida to advertise to provide legal services in Florida for which the lawyer **is not authorized** to provide") (emphasis).  An advertisement by Gould in Florida, that he practices "Federal Administrative Practice" concerns unlawful activity and misleads the public into believing that Gould is generally authorized to engage in all "Federal Administrative Practice," as that is what is represented.   As explained above, misleading advertisements and advertisements that concern unlawful activity are not protected under the First Amendment.

Defendants are entitled to summary judgment as to Count 14.

## VI.   CONCLUSION.

Gould's proposed advertisements in Counts 11 and 14 concern unlawful activity and are patently misleading and deceptive.  As a nonlawyer, Gould may not advertise to provide legal services regarding matters of New York law from his office in Florida.  Further, there is no state or federal law, rule or regulation that allows an unlicensed attorney to engage in a general federal administrative practice in Florida.  Thus, advertisements suggesting that Gould may give free consultations regarding New York legal matters from his office in Florida, or engage in general federal administrative practice, are unlawful and misleading and unprotected commercial speech. While no inquiry is past the first prong of the *Central Hudson* test is necessary or prudent, it is indisputable that Florida has a substantial interest in the regulation of the practice of law by

11

Case No.  04-23178, CIV- Moreno/Garber

nonlawyers, that the restriction Gould's proposed advertisements furthers this substantial interest and that the restriction is not broader than necessary.  Accordingly, Defendants are entitled to summary judgment as to the remaining counts of the Complaint.

Dated:  February 24, 2006.

> **GREENBERG TRAURIG, P.A.**
> 101 East College Avenue (32301)
> Post Office Drawer 1838
> Tallahassee, Florida  32302
> Telephone:     (850) 222-6891
> Facsimile:     (850) 681-0207
>
> /s/ LAUREEN E. GALEOTO
> BARRY RICHARD
> FLORIDA BAR NO. 105599
> LAUREEN E. GALEOTO
> FLORIDA BAR NO.: 194107
> E-MAIL: GALEOTOL@GTLAW.COM
> *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via facsimile and U.S. Mail upon Morris R. Gould, Pro Se, 1201 Brickell Avenue, Suite 630, Miami, FL  33131, this 24th day of February, 2006.

> /s/ Laureen E. Galeoto
> LAUREEN E. GALEOTO

12

# EXHIBIT A

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 04-23178-CIV-MORENO/GARBER

MORRIS RONALD GOULD
a/k/a RONALD GOULD

PLAINTIFF

vs.

JOHN HARKNESS, JR.
EXECUTIVE DIRECTOR, FLORIDA BAR, AND
JACQUELYN PLASNER NEEDELMAN
FLORIDA BAR COUNSEL,

DEFENDANTS.
_____/

**PLAINTIFFS' ANSWER TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff, Morris Ronald Gould a/k/a Ronald Gould answers in writing and under oath

separately and fully Defendants' John F. Harkness, Jr., Executive Director, Florida Bar and

Jacquelyn Plasner Needelman, Florida Bar Counsel, interrogatories.

**DEFINITIONS**

A.   " **Advertisement**" mean notice, such as a poster, flyer, business card, ad or a paid

announcement in the print, broadcast, or electronic media, designed to attract public attention or

patronage.

B.   "**Legal Services**" means to provide any legal advice, interpretation of law, or

opinion based upon federal or state laws, rules, policy or case law; to draft any legal document to

be filed or to file any legal document with a state or federal court or agency; or to appear before

Page 1

any state or federal court or agency.

B.     **"Representation"** means an indication or communication by words, sign or
symbols.

## INTERROGATORIES

1.     Please provide a list of all state bars and federal courts before which you are
currently admitted to practice law.

(A)   Court of Appeals State of New York.  United States District Court Southern District of
New York. United States Court of Appeals 1st, 2nd, 5th, and 11th. Supreme Court of The
United States.

2.     Please identify the case style of each proceeding and the approximate date for each
time you appeared before, or provided legal services in connection with, a federal administrative
agency [exclusive of the Federal Immigration and Naturalization Services Board], within the
State of Florida, over the past five years.

(A)   Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules
prohibiting the advertisement announcing Plaintiff's availability to consult on New York
Legal matters from a New York Law Office and from Plaintiff's Miami Office.
Information will be used as the basis for a UPL and/or prosecution under 454.23
F.S.(1997)

3.     For each proceeding identified in response to Interrogatory 2, please state whether
you sought authorization pursuant to 5 U.S.C.§ 500(b), and

(a)     If yes state whether authorization was granted; and

(b)     if no, explain why.

Page 2

(A)    No authorization required for appearance before federal administrative agencies.

   4.  Please identify the case style of each proceeding and the approximate date for each time you appeared before, or provided legal services in connection with, a Florida administrative agency over the past five years.

(A)    Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules prohibiting the advertisement announcing Plaintiff's availability to consult on New York Legal matters from a New York Law Office and from Plaintiff's Miami Office. Information will be used as the basis for a UPL and/or prosecution under 454.23 F.S.(1997)

   5.  For each proceeding identified in Interrogatory, please state whether authorization of your representation as a qualified representative was sought or obtained pursuant to FLA. Aimin. CODE r. 28-106.105 or 28-106.106 and if the authorization was not sought, or obtained, explain why.

(A)  Refuse to answer the Interrogatory because its not relevant to the issues in this case. Further the Interrogatory is designed to elicit information or evidence that Plaintiff has been or is engaged in UPL. Such information will be the basis for a UPL charge and or criminal charges pursuant to 454.23 F.S.(1997)

   6.  Please provide a list of any and all authorities under which you believe that you are permitted to provide legal services in florida.

(A)  Sperry v. State of Florida ex rel .The. Florida Bar,83 S.Ct. 1314 (1963) , 5 U.S.C. § 500 (a) (b) § 553, 554, 555 and The Florida Bar Re Advisory Opinion 571So .2d 430, 8 C.F.R 292.1, 8 C.F.R. 1.1 (f), (i), (k) .

Page 3

7.     Please estimate the number of hours that you provided legal services from or in

Florida:

a) for all client residing outside of the state of Florida;

b) for all client residing within the state of Florida;

c) concerning any action pending outside of the State of Florida;

d) concerning any action pending within the State of Florida;

e) concerning any matters related to Florida law;

g) concerning any federal administrative matters, exclusive of proceedings before

the federal immigration and Naturalization Services Board.

(A)     Plaintiff has no information which would be a reliable answer to any of the parts

above.  Not relevant to the cause of action challenging on 1st Amendment grounds

Bar Rules prohibiting the advertisement announcing Plaintiff's availability to

consult on New York Legal matters from a New York Law Office and from

Plaintiff's Miami Office. The Interrogatory is designed to obtain information

which will be used as the basis for a UPL.  Also more likely than not the

information gathered through this civil action will be turned over to the States

Attorney's Office for criminal prosecution pursuant to 454.23 F.S.(1997).

8.     Please provide a list of addresses for following:

a) any and all places in which you have resided over the past five years; and

b) any and all offices in which you have worked over the past five years.

(A)     Not relevant to the cause of action challenging on 1st Amendment grounds Bar

Rules prohibiting the advertisement announcing Plaintiff's availability to consult on New York Legal matters from a New York Law Office and from Plaintiff's Miami Office. The questioned is designed to elicit information upon which an investigation can be launched to charge Plaintiff with a UPL and criminal prosecution under 454.23 F.S.(1997)

9.   Please estimate the numbers of years for which you have been resident of, or have resided in, Florida.

(A)   29 years

10.   Please estimate the number of days that you were present in Florida for each of the past five years .

(A)   More or less 270.

11.   Please provide a list of all legal service advertisements, over the past three years, in which you cited a Florida address or Florida phone or fax number, including a description of the advertisement's content, the estimated date of publication and the publisher.

(A)   Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules prohibiting the advertisement announcing Plaintiff's availability to consult on New York Legal matters from a New York Law Office and from Plaintiff's Miami Office. Interrogatory designed to elicit information as basis for a UPL charge and/or a criminal prosecution pursuant to 454.23 F.S.(1997)

12.   Please provide a list of all legal service advertisements published or otherwise made available by you in Florida, over the past five years, including a description of the advertisement's content, the estimated date of public at on and the publisher.

-5-

(A)   Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules

prohibiting the advertisement announcing Plaintiff's availability to consult on New York

Legal matters from a New York Law Office and from Plaintiff's Miami Office.

Interrogatory designed to elicit information as a basis for a UPL charge and/or a criminal

prosecution pursuant to 454.23 F.S.(1997)

13.   Please provide a list of all representations made by you or otherwise, that you

were willing and able to provided legal services in Florida within the last three years.

(A)   Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules

prohibiting the advertisement announcing Plaintiff's availability to consult on New York

Legal matters from a New York Law Office and from Plaintiff's Miami Office.

Interrogatory designed to elicit information as basis for a UPL charge and/or a criminal

prosecution pursuant to 454.23 F.S.(1997)  Further, vague, ambiguous and impossible to

answer.

14.   Please explain whether you have ever publicize, or if you intend to publicize, the

advertisement attached as Exhibit "A" If yes please identify the name of the publication, the

estimated date of publication(s) and the state in which it was published.

(A)   Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules

prohibiting the advertisement announcing Plaintiff's availability to consult on New York

Legal matters from a New York Law Office and from Plaintiff's Miami Office.

Interrogatory designed to elicit information as a basis for a UPL charge and/or a criminal

prosecution pursuant to 454.23 F.S.(1997).  Exhibit A advertisement/announcement may

be published within the next 14 days. Plaintiff will not inform the Defendant's where or

-6-

when such publication takes place.

15.    Please explain whether you have ever solicited clients to provide legal services in

Florida.

(A)    Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules

prohibiting the advertisement announcing Plaintiff's availability to consult on New York

Legal matters from a New York Law Office and from Plaintiff's Miami Office.

Interrogatory designed to elicit information as basis for a UPL charge and/or a criminal

prosecution pursuant to 454.23 F.S.(1997)

16    Have you ever made representations that you were authorized to practice New

York law in Florida? If yes, please state the representation and when and to whom it was made.

(A)    Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules

prohibiting the advertisement announcing Plaintiff's availability to consult on New York

Legal matters from a New York Law Office and from Plaintiff's Miami Office.

Interrogatory designed to elicit information as basis for a UPL charge and/or a criminal

prosecution pursuant to 454.23 F.S.(1997)

17.    Please explain the type of services provided by you at each office in Florida in

which you work, including a description of any legal services provided

(A)    Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules

prohibiting the advertisement announcing Plaintiff's availability to consult on New York

Legal matters from a New York Law Office and from Plaintiff's Miami Office.

-7-

Interrogatory designed to elicit information as basis for a UPL charge and/or a criminal

prosecution pursuant to 454.23 F.S.(1997).

18.    Please explain your purpose for having an office in Florida, including an

explanation as to whether the purpose of your office is to provide legal services.

(A)    Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules

prohibiting the advertisement announcing Plaintiff's availability to consult on New York

Legal matters from a New York Law Office and from Plaintiff's Miami Office.

Interrogatory designed to elicit information as a basis for a UPL charge and/or a criminal

prosecution pursuant to 454.23 F.S.(1997).

19.    Please provide a list of number of clients you have provided  legal services to

while in Florida, including the residence of each client and type of service provided to each

client. Note that the name of the client is not requested; reference to "Client #1," "Client #2," etc,

is sufficient.

(A)    Not relevant to the cause of action challenging on 1st Amendment grounds Bar Rules

prohibiting the advertisement announcing Plaintiff's availability to consult on New York

Legal matters from a New York Law Office and from Plaintiff's Miami Office.

Interrogatory designed to elicit information as basis for a UPL charge and/or a criminal

prosecution pursuant to 454.23 F.S.(1997).

20.    Please describe with specificity any and all actions taken by any individual or

entity, including, but not limited to, The Florida Bar, that have caused you to believe that a

credible threat exists that you could be charged with the unlicenced practice of law.

(A)    (i) Florida Bar has investigated the Plaintiff on two different occasions between 1993 and

-8-

2003 relating to UPL.

(B)   (ii)  The Florida Bar would acknowledge that if Plaintiff publishes exhibit A attached hereto and made a part hereof or if Plaintiff used "Federal Agency Law and Practice or Federal Agency Practice in advertisements or on letterhead they would bring a UPL charge and/or turn over the file to the States Attorney's Office for criminal prosecution 454.23 F.S.(1997). (iii)  The Interrogatories for the most part are designed to elicit information which will be used as the basis for a UPL charge or criminal prosecution 454.23 F.S.(1997).  (iiii)  Plaintiff has asked the Florida Bar, as an inducement, to answer the Interrogatories to enter into a written stipulation which would provide that no investigation of Plaintiff's practice of law would be conducted for the purposes of bringing UPL or criminal charges pursuant to 454.23 F.S.(1997).  Such stipulation would be valid, existing and binding on the Florida Bar and the States Attorney's Office for the period of time until a final judgment is rendered including motions to reopen and appeals To date the Florida Bar has not responded. (iiiii) All the request for admissions are designed to provide leads or information to serve as a basis for a UPL and /or a prosecution for a criminal office by the State Attorney's Office

## VERIFICATION

Under penalty of perjury, I swear or affirm that the foregoing answers to interrogatories are true and correct to the best of my knowledge.

_____
MORRIS RONALD GOULD

STATE OF FLORIDA           )
                           )     SS:
COUNTY OF MIAMI-DADE       )

-9-

Sworn to and subscribed me on this 1ˢᵗ day of February 2006, and who personally appeared before me, is [ X ] personally know to me or [    ] produced _____ as identification and who did take an oath.

_____
Notary Public, State of Florida

My commission expires:

-10-

NEW YORK LEGAL MATTERS ONLY
M. RONALD GOULD LICENSED NEW YORK
ATTORNEY 1201 BRICKELL AVENUE, STE. 630
MIAMI, FLORIDA 33131
FREE PHONE CONSULTATION 305 865 2962

"A"

Page 11

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No. 04-23178-CIV-MORENO/GARBER**

MORRIS RONALD GOULD
a/k/a RONALD GOULD

PLAINTIFF

vs.

JOHN HARKNESS, JR.
EXECUTIVE DIRECTOR, FLORIDA BAR, AND
JACQUELYN PLASNER NEEDELMAN
FLORIDA BAR COUNSEL,

DEFENDANTS.

_____/

## PLAINTIFF'S ANSWER TO **DEFENDANTS' REQUEST FOR ADMISSIONS**

Plaintiff refuses to admit or deny questions 3 through 16 on the following grounds: (a)
Questions 3 through 16 are not relevant to the constitutional issues presented by the complaint.
(b) Questions 3 through 16 serve no purpose other than to provide leads or information which
will be used by the Bar to charge Plaintiff with a UPL. (c)  Question 3 through 16 serve no
purpose other than to provide leads or information which will be sent to the State Attorneys'
Office for criminal prosecution for UPL.

    1.    Admit that you are not licensed to practice law in Florida

Admit

    2.    Admit that you are resident of Florida

Admit

Page 1

3.   Admit that you are not authorized to provided legal services in Florida.

4.   Admit that you have advertised to provide legal services in Florida.

5.   Admit that you have an office in Florida that was established for the purpose of practicing law in Florida.

6.   Admit that you have regular presence in Florida for the practice of general law.

7.   Admit that you made representations that you were authorized to practice law in Florida.

8.   Admit that you made representations that you would provide legal services from or in Florida.

9.   Admit that you have solicited persons for the purpose of providing legal services from or in Florida.

10.   Admit that you have given legal advice from or in Florida.

11.   Admit that you are currently publicizing, the advertisement attached as Exhibit "A"

12.   Admit that you intend to publicize, the advertisement attached as Exhibit "A" May publish within the next 14 days.

13.   Admit that you intend to provide legal services concerning matters of New York law in the State of Florida.

14.   Admit that you have provide legal services concerning matters of New York law in the State of Florida.

15.   Admit that you intend to provide legal services concerning matters of Florida law in the State of Florida.

Page 2

16.   Admit that you have provided legal services concerning matters of Florida law in the State of Florida.

Dated this 1st day of February, 2006

Morris Ronald Gould Pro Se.
1201 Brickell Avenue, Ste 630
Miami, FL. 33131
(305) 865 2962 fax (305) 861 7272

## CERTIFICATE OF SERVICE

I certify that a true and correct copy was mailed via U.S. Postal Service and by fax this 1st day of February, 2006 to Laureen Galeoto at **GREENBERG TRAURIG P.A.** 101 East College Avenue (32301) Post Office Drawer 1838 Tallahassee, Florida 32302.

Morris Ronald Gould

Page 3