FILED by ____ D.C.
ELECTRONIC

**Mar 20 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.  04-23178, CIV- Moreno/Garber

Morris Ronald Gould
a/k/a Ronald Gould

     Plaintiff,

vs.

Florida Bar, John F. Harkness, Jr.
Executive Director, Florida Bar, and
Jacquelyn Plasner Needelman
Florida Bar Counsel,

     Defendants.

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR**
**SUMMARY JUDGMENT**

  Defendants, The Florida Bar, John F. Harkness, Jr., and Jacquelyn Plasner

Needleman ("Bar Defendants"), respond to Plaintiff's Motion for Summary Judgment

Incorporated Statement of Facts and Memorandum of Law and state:

**I.**   **INTRODUCTION.**

  The two remaining counts of Mr. Gould's Complaint are limited to freedom of

speech; specifically, whether Mr. Gould's proposed advertisements are protected

commercial speech under the First Amendment.  The parties agree that there are no

material issues of fact in dispute and that the case should be disposed of on summary

judgment.  The Bar Defendants' position, as set forth in Defendants' Motion for

Summary Judgment filed on February 24, 2006, remains that Mr. Gould's proposed

advertisements are misleading, concern unlawful conduct, and are not protected under the

First Amendment.    Mr. Gould's position, as surmised from Plaintiff's Motion for Summary Judgment Incorporated Statements of Facts and Memorandum of Law ("Plaintiff's Motion for Summary Judgment"), is that his rights under the Privileges and Immunities Clause of Article IV, section 2 of the U.S. Constitution are violated by Florida rules that extend a privilege to nonresidents, but not residents, to practice law in Florida under certain limited circumstances without a license.[1]    His claim is without legal substance; as explained below.

Mr. Gould has failed, in Plaintiff's Motion for Summary Judgment and in every other stage of this proceeding, to provide any support for his claim that the proposed advertisements are protected under the First Amendment or that he is otherwise entitled to relief under Counts XI and XIV.[2]    Given there are no material issues of fact in dispute, Plaintiff's Motion for Summary Judgment must be denied in favor of granting the Bar Defendants' Motion for Summary Judgment.

## II.    AS A RESIDENT OF FLORIDA, MR. GOULD MAY BE EXCLUDED FROM PRIVILEGES BESTOWED UPON NON-RESIDENTS.

States have a substantial interest in regulating the practice of law.    *Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 625 (1995);    *Sperry v. Florida Bar,* 373 U.S. 379, 383 (1963); and *Ohralik v. Ohio State Bar Assn.,* 436 U.S. 447, 460 (1978); *see also Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975); *Morrison v. Board of Law Examiners of the State of North Carolina*, 360 F.Supp.2d 751, 754 and 758 (W.D.N.C.

---

[1]    Mr. Gould does not defend his proposed advertisements as protected speech under the Bar's rules currently in effect.    Instead, Plaintiff's Motion for Summary Judgment concentrates on issues raised in Mr. Gould's denied Motion to Amend the Complaint and other issues not raised in the Complaint.

[2]    Mr. Gould remains free to publish non-misleading and lawful commercial speech in Florida.

2005); *Kirkpatrick v. Shaw*, 70 F.3d 100, 103 (11th Cir. 1995). In accordance with this recognized interest, states may require persons to meet certain criteria, including licensure by the state, as a prerequisite to practicing law in that state. *Goldfarb v. Supreme Court of Virginia*, 766 F.2d 859, 862 (4th Cir. 1985); *Attwell v. Nichols*, 608 F.2d 228, 230 (5th Cir. 1979); *see also Davidson v. State of Georgia*, 622 F.2d 895, 896 (5th Cir. 1980).

While states have broad authority to deny admission to practice within the state, the Privileges and Immunities Clause embodied in Article IV, section 2 of the U.S. Constitution bars states from discriminating against nonresidents based solely upon residency. *Supreme Court of Virginia v. Friedman*, 487 U.S. 59, 67 and 70 (1988); *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 280 (1985). Consequently, a state cannot require residency within the state as a condition of state bar membership or otherwise impose more stringent requirements upon nonresidents than residents. *Supreme Court of Virginia v. Friedman*, 487 U.S. 59 (1988); *Barnard v. Thornstenn*, 489 U.S. 546 (1989). Florida does not require residency within Florida as a prerequisite to practicing law in Florida or otherwise discriminate against nonresidents with respect to the practice of law. In fact, Florida neither imposes greater burdens upon nonresidents, nor provides greater benefits to residents, in connection with the practice of law. *See Kirkpatrick v. Shaw*, 70 F.3d 100, 102 (11th Cir. 1995) (finding that out of state lawyer denied admission to The Florida Bar failed to state a claim under the Privileges and Immunities Clause where the Florida Bar rules did not discriminate on the basis of out-of-state residency; "[a]ll Florida bar applicants, both residents and nonresidents, must meet the same requirements for admission").

3

Mr. Gould does not -- and could not[3] -- state a claim to the contrary; *i.e.*, that Florida discriminates against nonresidents. Rather, Mr. Gould claims that, *as a Florida resident*, he is denied privileges that are extended to nonresidents in violation of his rights under the Privileges and Immunities Clause, Article IV, section 2. This claim is founded upon provisions of Florida Bar Rules[4] that allow nonresident lawyers to engage in limited practice in Florida under certain specified conditions absent admittance to The Florida Bar.[5] Mr. Gould's claim is legally unsustainable.

The U.S. Supreme Court has definitively held that the Privileges and Immunities Clause does not protect *residents* from the laws of their own state; *only nonresidents* are protected. *Morrison v. Board of Law Examiners of the State of North Carolina*, 360 F.Supp.2d 751, 754-55 (W.D.N.C. 2005) (distinguishing *Piper*, *Friedman*, and *Barnard* where the Plaintiff had already relocated to North Carolina and was therefore afforded no protection under the *Slaughter House* reading of Article IV, section 2; "[a]pplying *Goldfarb* produces the result that Plaintiff, a North Carolinian by virtue of current

---

[3]    Mr. Gould would have no standing to claim that Florida discriminates against nonresidents as he is admittedly a Florida resident.

[4]    While not material to summary judgment issues, it is noted for the record that Mr. Gould incorrectly states that Barry Richard was a "prominent member of the Florida commission" that drafted the Multijurisdictional Practice of Law rules. Mr. Richard was not a member of the commission and had no involvement in the drafting of these rules.

[5]    Non-Florida and non-U.S. lawyers may practice law in Florida temporarily by: (1) associating with a Florida Bar member that is an active participant in the matter; (2) engaging in pre-*pro hac vice* admission activity; (3) rendering legal services in a pending or potential arbitration, mediation, or other alternative dispute resolution context; (4) providing services not covered by the other provisions, based on specific nexus conditions; (5) providing services that are governed primarily by international law or the law of a non-U.S. jurisdiction in which the lawyer is a member; and (6) gaining *pro hac vice* admission. *In re Amendments to the Rules Regulating The Florida Bar and the Florida Rules of Judicial Administration*, 907 So.2d 1138, 1141 (Fla. 2005). The amendments also recognize that there may be circumstances under which a nonlawyer may be permitted under other law to have a regular presence in Florida.

4

residence, cannot assert his *Piper*-recognized fundamental right to pursue his profession under Article IV, section 2, which he could assert had he applied for a comity admission while in California"); *citing Goldfarb v. Supreme Court of Virginia*, 766 F.2d 859, 864-65 (4th Cir. 1985) ("Goldfarb may not rely directly on [*Piper* and its progeny] because he is a Virginia resident, and the Privileges and Immunities Clause provides no security for the citizen of the State in which [the privileges] were claimed") *quoting Slaughter-House Cases*, 83 U.S. 36, 77 (1872) (recognizing that the Privileges and Immunities Clause did not provide security "for the citizen of the state in which they were claimed or exercised," and did not "profess to control the power of the State governments over the rights of its own citizens"). As a resident of Florida, the Privileges and Immunities Clause provides no protection to Mr. Gould for privileges bestowed by Florida solely upon non-residents.

The Ninth Circuit reached the same conclusion in *Paciulan v. George*, 229 F.3d 1226 (9th Cir. 2000). In *Paciulan*, California residents who were licensed to practice law in other states, but not California, challenged the constitutionality of a California rule allowing nonresident attorneys *pro hac vice* admission status while denying such privilege to California residents. The Ninth Circuit affirmed the district court's dismissal of the action, finding that the California rule did not violate the Privileges and Immunities Clause of Article IV, the Privileges and Immunities Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, or the First Amendment.[6]

---

[6] The complaint in *Paciulan* also alleged violations of the Commerce Clause, federal and state equal protection guarantees, state due process guarantees and 42 U.S.C. § 1983, but those claims were not argued on appeal.

The resident nonlawyers in *Paciulan* cited to the same cases as Mr. Gould for the proposition that permitting nonresidents to appear *pro hac vice* in California courts, while denying the same right to California residents, impermissibly discriminated based on residence in violation of the Privileges and Immunities Clause. *See Supreme Court of Va. v. Friedman*, 487 U.S. 59 (1988); *Frazier v. Heebe*, 482 U.S. 641 (1987); *Supreme Court of N.H. v. Piper*, 470 U.S. 274 (1985).[7]   The Ninth Circuit found these cases distinguishable where the resident nonlawyers were not claiming that California *favored* its residents, but rather that California violated the Privileges and Immunities Clause by *discriminating against* its own residents.   If the resident nonlawyers succeeded in this claim:

> [s]uch a broad interpretation of the Privileges and Immunities Clause would prohibit a state from basing admission to its bar on standards any more stringent than those of the least restrictive state.  A California resident wishing to practice law in California but wanting to avoid the difficult California bar exam could become a member of the bar of the state with the least restrictive admissions requirements, then demand admission to the California bar as a matter of right.  The Constitution does not compel such a result.  States have traditionally enjoyed the exclusive power to license and regulate members of their respective bars.

*Paciulan*, 229 F.3d at 1228-29.  The resident nonlawyers' challenge brought under the Privileges and Immunities Clause of Article IV was therefore found meritless.

The resident nonlawyers' challenge based on the Privileges and Immunities Clause of the Fourteenth Amendment likewise failed.  The Ninth Circuit recognized that the resident nonlawyers objected:

---

[7]      Unlike the plaintiffs in these cases, Mr. Gould is not being denied admission to The Florida Bar based on residency.

precisely because California treats them like all other residents of the state in mandating that they meet the requirements of state bar membership before they practice in California courts. They request the right to elide these requirements -- essentially, to gain preferential treatment over other California residents -- by virtue of their prior membership in another state's bar. [*Saenz v. Rose*, 526 U.S. 489 (1999)] and the Fourteenth Amendment do not entitle [the resident nonlawyers] to such an advantage over their co-residents. In requiring [the resident nonlawyers] to meet the standard requirements for admission to the California bar, the State Bar is ensuring that they will be treated like other California citizens.

*Id.* at 1229.

With regard to the First Amendment, the resident nonlawyers claimed that their rights were violated in three respects: (1) by limiting their speech on behalf of their clients; (2) by preventing them from freely associating with clients and other attorneys; and (3) by restricting their ability to petition for redress of grievances. The Ninth Circuit opined that:

under [the resident nonlawyers'] sweeping formulation of the First Amendment, *any* regulation of bar membership would be deemed unconstitutional. No case has ever suggested that states are constitutionally barred from regulating admission to their respective bars. Rather, as noted above, states traditionally have enjoyed the sole discretion to determine qualifications for bar membership. Accordingly, [the resident nonlawyers'] First Amendment argument fail[ed].

*Id.* at 1230 (citations omitted).

Lastly, the resident nonlawyers claimed that their due process rights were violated because the California rule automatically excluded California residents from appearing *pro hac vice* in California courts, without allowing for an exercise of discretion. The Ninth Circuit disagreed, finding that the resident nonlawyers had not demonstrated the

7

existence of a protectable property interest necessary to assert a due process violation; the right to practice law *pro hac vice* is not a protected interest. *Id. citing Leis v. Flynt*, 439 U.S. 443 (1979) (stating "there is no right of federal origin that permits such lawyers to appear in state courts without meeting that State's bar admission requirements"). The Ninth Circuit thus affirmed the district court's opinion, recognizing that "[w]hile the California Legislature may choose to alter the requirements for *pro hac vice* admission to practice in California courts, it is not within the province of the federal courts to do so." *Id.* at 1231. Under the principles recognized in *Paciulan*, Florida may grant certain privileges to nonresidents to practice law in Florida that are denied to residents. *Id; see also Goldfarb v. Supreme Court of Virginia*, 766 F.2d 859, 863 (4th Cir. 1985) ("The state can hardly be penalized for offering a choice between a requirement it can concededly exact and one that many attorneys may find less onerous"); *Shapiro v. Cooke*, 552 F.Supp. 581 (N.D.N.Y.1982) ("if a state may constitutionally require all applicants to take the examination, the Commerce Clause is not offended by a rule which permits some, but not all, out-of-state attorneys to be admitted on waiver of the examination").

Put another way, the Bar Defendants can require Florida residents to be licensed in order to practice law in Florida. *Lathrop v. Donohue*, 367 U.S. 820, 823 and 827 (1961) (rejecting attorney's argument that he could not constitutionally be compelled to join and give support to the state bar; requirement that an attorney be an enrolled dues-paying member of the state bar did not deprive attorney of his rights protected under the Constitution); *Kaimowitz v. The Florida Bar*, 996 F.2d 1151 (11th Cir. 1993) (recognizing that a state may compel membership in the state bar and payment of dues); *see also Kirkpatrick v. Shaw*, 70 F.3d 100, 102 (11th Cir. 1995) ("[A]dmission to practice in

another state does not entitle an applicant to automatic admission to the Florida Bar");
*Davidson v. State of Georgia*, 622 F.2d 895, 896 (5th Cir. 1980) (recognizing that the
"state has a legitimate and substantial interest in excluding from the practice of law those
persons who do not meet its standards of minimal competence"); *Attwell v. Nichols*, 608
F.2d 228, 230 (5th Cir. 1979) (finding that "there is no constitutional guarantee of the
right to practice law without examination;" state supreme court may require attorneys to
take and pass state bar examination as a prerequisite to practicing law in the state).
"[T]he right to practice law[8] is not a right but is a privilege subject to regulation."
*Lathrop*, 367 U.S. at 844.   The Florida Bar acted well within its regulatory authority in
extending the privilege to practice law in Florida without a Florida license under certain
limited circumstances solely to nonresidents.

        As distinguished from the cases cited by Mr. Gould, the Bar Defendants are not
favoring its residents, but rather discriminating against them.  *Paciulan v. George*, 229
F.3d 1226, 1228-1229 (9th Cir. 2000).   The Bar Defendants are imposing more stringent
requirements upon Florida residents, while extending a privilege to nonresidents.
Although Mr. Gould may have been excluded from this privilege, so too were all of the

---

[8]        The practice of law includes the giving of advice. *The Florida Bar v. Rapoport*,
845 So.2d 875 (Fla. 2003) (finding that attorney licensed to practice in Washington, D.C.,
but not Florida, engaged in the unlicensed practice of law by giving legal advice and
consultation to clients, among other things); *The Florida Bar v. Heptner*, 887 So.2d 1036
(Fla. 2004) (finding that attorney violated an order of suspension be engaging in the
practice of law, which included continuing to provide legal advice to a client regarding
the client's dissolution of marriage); *Florida Bar re Advisory Opinion on Nonlawyer
Representation in Securities Arbitration*, 696 So.2d 1178, 1182 (Fla. 1997) (opining that
if the giving of advice affects important rights of a person under the law, and "if the
reasonable protection of the rights and property of those advised and served requires that
the persons giving such advice possess legal skill and a knowledge of the law greater than
that possessed by the average citizen, then the giving of such advice and the performance
of such services by one for another as a course of conduct constitute the practice of law").

other residents of Florida. Mr. Gould is not being treated differently than any other resident of Florida: residents must meet the requirements of Florida Bar membership prior to practicing before Florida courts.

Prohibiting the Bar Defendants from imposing such requirements upon Mr. Gould, or any other Florida resident, would essentially strip the State of Florida of its power to regulate attorneys practicing within its borders. Under Mr. Gould's interpretation of the Privileges and Immunities Clause, a person could gain admission to a state bar with different standards than Florida and then demand admission to The Florida Bar, or at least the right to practice law in Florida. The Bar Defendants would be unable to compel compliance with Bar admission standards any more stringent than those of the least restrictive state. *Id.* Mr. Gould's interpretation of the Privileges and Immunities Clause is meritless and cannot stand.

Mr. Gould's assertion that the Bar Defendants have absolutely banned his livelihood likewise cannot stand. The Bar Defendants have not prohibited Mr. Gould from practicing before federal courts and agencies in Florida to the extent permitted by law. The Bar Defendants have not prohibited Mr. Gould from gaining admission to The Florida Bar. The Bar Defendants have not prohibited Mr. Gould from advertising in Florida or otherwise infringed upon Mr. Gould's freedom of speech. The Bar Defendants have merely prohibited Mr. Gould from publishing advertisements that are misleading or that concern an unlawful activity, *i.e.*, unprotected speech.

## III.   <u>CONCLUSION.</u>

For the foregoing reasons, this Court should deny Plaintiff's Motion for Summary Judgment Incorporated Statement of Facts and Memorandum of Law in favor of granting Defendant's Motion for Summary Judgment.

**GREENBERG TRAURIG, P.A.**
101 East College Avenue (32301)
Post Office Drawer 1838
Tallahassee, Florida  32302
Telephone:     (850) 222-6891
Facsimile:     (850) 681-0207

  /s/ **LAUREEN GALEOTO**
**BARRY RICHARD**
FLORIDA BAR NO. 105599
**LAUREEN E. GALEOTO**
FLORIDA BAR NO.: 194107
E-MAIL: *GALEOTOL@GTLAW.COM*
*Counsel for Defendants*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail upon Morris R. Gould, Pro Se, 1201 Brickell Avenue, Suite 630, Miami, FL  33131, this 20th day of March, 2006.

  /s/ **Laureen Galeoto**
**LAUREEN E. GALEOTO**

tal-fs1\326497v02

11