IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 04-23178 CIV-MORENO/GARBER

MORRIS RONALD GOULD
a/k/a RONALD GOULD

      PLAINTIFF

vs.

JOHN HARKNESS, JR.
EXECUTIVE DIRECTOR FLORIDA BAR
JACQUELINE NEEDLMEN PLASSNER,
BAR COUNSEL

        DEFENDANTS.
_____/

### PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Pro Se. in reply to the Bar's answer to Plaintiff's Motion For Summary judgment state:

1. **WHEN THE SUPREME COURT OF FLORIDA AMENDS THE RULES OF THE FLORIDA BAR THEY ARE BOUND BY THE RULES.**

When The Supreme Court of Florida amended the bar rules, In Re Amendments to The Rules Regulating The Florida Bar And The Rules of Judicial Administration, 907 So .2d 1138 (2005) it did not state that an out of state lawyer who is a Florida resident was barred from practicing transactional legal matters as the Bar insists. Section (c) of the Rules relate to the Multijurisdictional Practice of Law

1



(MJP) which uses the words "regular presence" and that prevents Plaintiff from practicing New York Law from Plaintiff's Miami law office.

When The Supreme Court of Florida amended the bar rules, Amendments, 907 So .2d 1138 (2005) it was in its capacity as a legislative body. The United States Supreme Court held in Virginia v. Consumers Union of United States, Inc. 108 S.Ct. 1967 (1980). Virginia law allows the Virginia Supreme Court to promulgate the bar code. This was not an act of adjudication but one of rulemaking.

Plaintiff's constitutional challenge to various Rules of The Florida Bar are rules drafted by The Florida Bar (Agency) in their capacity as implementor and enforcer. Amendments, 907 So .2d 1138 (2005) at 1143. (MJP) Rules. The Florida Supreme Court in approving those rules acted in their rule making capacity as a legislative body. The MJP Rules are legislation. The Supreme Court in 1880 In Ex Parte Virginia, 100 U.S. (10 Otto) 339 held, "Administrative decisions, even though they may be essential to the very functioning of the courts, have not similar been regarded a judicial act."

The MJP Rule barring Plaintiff from the practice of transactional legal services is his "regular presence" not Florida residency. The Supreme Court of Florida used the term Florida resident where that status prohibits an out of state lawyers (OOSL) from appearing pro hac vice, Amendments, 907 .So .2d, 1138, 1149 or from engaging in domestic arbitration, Amendments, 907 So .2d 1138, 1150. Had the Supreme Court of Florida wanted to make Florida residency a bar to transactional legal services by OOSL they could have so stated.

It is a well settled principle of law that an agency must adhere to its own rules and regulations. The bar cannot strike the words "regular presence" and substitute it with "Florida resident." Morton v.

2

Ruiz, 94 S.Ct. 1055 (1974) at 1074, "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required.". Reuters Ltd. v. FCC, 781 F. 2d. 946 (D.C.Cir. 1986)at 950 "As we stated at the outset, it is elementary that an agency must adhere to its own rules and regulations. Ad hoc departures from those rules, even to achieve laudable aims, cannot be sanctioned.". See, Allied Stores of Ohio, 79 S. Ct. 437.

The Florida Supreme Court declared its purpose for the MJP Rule, Amendment 907 So .2d 1138, 1140. "The Court's goal in adopting the amendments is to implement changes that improve legal services for the public by permitting the limited, temporary multijurisdictional practice of law but at the same time protecting the public, the legal profession, and the judiciary". "Regular presence" and the use of Plaintiff's law office in Miami can only benefit the public. The prohibition of the latter and the former are inconsistent with the stated purpose. The Court suggests Amendments, 907 So .2d 1138, 1159 "There is no single test to determine whether a lawyer's services are provided on a "temporary basis" in Florida and may therefore be permissible under subdivision (c). Services may be "temporary" even though the lawyer provides services in Florida on a recurring basis or for an extended period of time, as when the lawyer is representing a client in a single lengthy negotiation or litigation.". These statements are consistent with the public's needs. Yet they are in conflict with the disqualifying terms "regular presence" and "the establishment of a law office". Examination of purpose is a bedrock of statutory interpretation and for the most part is used by appellate courts throughout the country. General Dynamics Land Systems, Inc. v. Cline, 124 S.Ct. 1236. The purpose being to provide out of state legal services to Florida residents.

3

2.  **THE HOLDINGS IN THE CASES CITED BY THE BAR ARE NOT APPLICABLE.**

The cases all relate to the practice of law of the state in which the Petitioners seek admission. Plaintiff is not seeking admission to The Florida Bar. Plaintiff does not want to practice Florida Law. Taking and passing the Florida Bar Examination will not give Plaintiff any greater expertise on issues of New York Law.

**III. CONCLUSION.**

Plaintiff respectfully requests that this Court deny Defendant's Motion For Summary Judgment and grant Plaintiff's Motion For Summary Judgment.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed via U.S. Mail on March 28th, 2006 upon Laureen Galeoto c/o Greenberg Traurig, P.A. 101 East College Avenue (32301) Post Office Drawer 1838 Tallahassee, FL. 32302.

Morris Ronald Gould, Pro Se
1201 Brickell Avenue, Ste. 630
Miami, FL. 33131
(305) 865 2962 fax )305) 861 7272

4