FILED by SH D.C.
ELECTRONIC
Apr 27 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 04-23178-CIV-MORENO/GARBER

Morris Ronald Gould
a/k/a Ronald Gould,

    Plaintiff,

vs.

John F. Harkness, Jr.
Executive Director, Florida Bar, and
Jacquelyn Plasner Needelman
Florida Bar Counsel,

    Defendants.
_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S PRETRIAL MOTION

Defendants, John F. Harkness, Jr., Executive Director, Florida Bar, and Jacquelyn Plasner Needelman, Florida Bar Counsel ("Bar Defendants"), respond to Plaintiff Morris Ronald Gould's Pretrial Motion as follows:

1.     Mr. Gould claims in his Pretrial Motion that the Bar Defendants are barred from asserting: (1) that Mr. Gould is prohibited from practicing New York law while in Florida because Mr. Gould is a Florida resident and/or has a regular presence in Florida; and (2) that Mr. Gould is prohibited from practicing federal administrative law without specific authorization because the Bar Defendants failed to plead the foregoing as affirmative defenses.

2.     The foregoing, however, are legal arguments, *not* affirmative defenses. "In determining whether a particular argument is an affirmative defense, courts consider [1] 'the logical relationship between the defense and the cause of action,' and [2] the likelihood that the

plaintiff will be unfairly surprised if the defense does not appear in the pleadings." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988).

    3.    As to the first prong, the Bar Defendants' assertions regarding Mr. Gould's Florida residency, regular presence in Florida, and lack of specific federal authorization are directly related to the subject of litigation. Mr. Gould claims in Count XI that the Bar's rules "prohibit plaintiff from any advertising in any Florida media his name, title, [etc]." *See* Complaint, ¶ 77. In order to prove this claim, Mr. Gould must show that Rules 10-2.1 and 4-5.5 of the Rules Regulating The Florida Bar prohibit his proposed advertisement; *i.e.*, that Mr. Gould is prohibited from advertising to provide legal services in Florida because Mr. Gould is not permitted to have a regular presence in Florida for the practice of law. Further, Mr. Gould claims in Count XIV that he has a "genuine and credible fear that he will be charged with UPL" if he uses the words "Federal Administrative Practice" in his advertisements. *See* Complaint, ¶ 99. To establish this claim, Mr. Gould must provide the basis of his fear, *i.e.*, that Mr. Gould will be charged with the unlicensed practice of law absent specific authorization. Ironically, in proving Counts XI and XIV, Mr. Gould must establish the very concepts that he seeks to prevent the Bar Defendants from asserting. The two assertions at issue, therefore, are affirmative elements of Mr. Gould's pleading and are indistinct from the evidence necessary for Mr. Gould to prove his claims at trial.

    4.    Regarding the second prong, Mr. Gould will not be unfairly surprised if the Bar Defendants present evidence related to the two assertions. The Bar Defendants raised the issue of specific authorization more than a year ago in its reply to Mr. Gould's response to the Bar

2

Defendants' motion to dismiss.[1]  *See* Reply to Plaintiff's Memorandum of Law in Opposition to Florida Bar's Motion for Dismissal dated February 17, 2005, at pgs. 7-8 (explaining "[t]he allowance of this immigration practice is due to clear authorization by the federal agency in which Gould is appearing in front of.  In contrast, there is ***no federal law that allows non-licensed attorneys to engage in a general federal administrative practice***") (emphasis in original).  Further, Mr. Gould was given notice at least six months ago as to the Bar Defendant's position regarding his residency and regular presence in Florida.  *See* Defendants' Report on Efforts to Resolve Counts XI and XIV, Exhibit A (stating "Mr. Gould, you are not in Florida on a transitory basis; rather you are a resident of the state. [Rule 4-5.5] specifically prohibits a non-lawyer from establishing an office or a regular presence in Florida. . . ).  Defendants' Report also provided further notice regarding the specific authorization issue, stating "absent a state or federal stature that specifically authorizes you to engage in a 'Federal Administrative Practice,' the proposed advertisement concerns prohibited activity and is consequently prohibited. . . . Under the Federal APA, representation is on a case-by-case basis and requires a case-by-case written declaration that you are qualified and authorized to represent a particular person before the particular agency."  *Id*.  Additionally, the Bar Defendants' requests for admission and interrogatories focused heavily on the two assertions at issue.[2]  Finally, the two assertions were

---

[1] Note that Bar Defendant Plasner apprised Mr. Gould of the need for specific agency authorization as early as January 13, 2003. Mr. Gould cannot claim surprise where he attached such notice to his own complaint. *See* Complaint, Exhibit F-6, Letter from Jacquelyn Plasner Needelman to M. Ronald Gould, dated January 13, 2003 (stating "Whether the activity is allowed and the extent to which the individual may appear and/or practice will be governed by the rules of that particular agency. If the agency does not have a rule allowing the practice, any representation would constitute unlicensed practice of law").

[2] The issue of residency was even raised by Mr. Gould in the deposition of Lori Holcomb. *See* Deposition of Lori Holcomb, dated February 7, 2006, at 55:21 - 57:11; *see also Hassan*, 842 F.2d at 263 (finding that party would not be prejudiced by evidence of unpled affirmative

3

discussed at length in Defendant's Motion for Summary Judgment and Defendant's Response to Plaintiff's Motion for Summary Judgment.[3] Thus, Mr. Gould cannot legitimately claim that he would be surprised if the Bar Defendants present evidence of the two assertions at trial.

5. The two assertions, therefore, are not affirmative defenses, but rather affirmative elements of Mr. Gould's pleading.[4] To succeed on his claims of violation of free speech in the two remaining counts, Mr. Gould must establish that he has a credible fear that he will be charged with UPL. The Bar Defendants, however, would not charge Mr. Gould with UPL unless he: (1) is a resident of Florida or otherwise has a regular presence in Florida; and/or (2) does not have specific authorization from the federal agency before which he is practicing. Thus, to prove that his fear is credible, Mr. Gould must prove that he has a regular presence[5] in Florida and does not have specific federal agency authorization.

6. Even assuming for the purposes of this motion that the legal arguments proffered by the Bar Defendants are affirmative defenses, this Court should hear evidence on such issues where Mr. Gould would suffer no prejudice. As aptly noted by the Eleventh Circuit in *Hassan*:

---

defenses where the affirmative defense was covered in a deposition and an interrogatory prior to trial).

[3] Mr. Gould even discusses specific authorization and residency in his own Motion for Summary Judgment Incorporated Statement of Facts and Memorandum of Law. *See also Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) (finding that defendant did not waive affirmative defense for failure to specifically plead it where defendant raised issue underlying the affirmative defense in its motion for summary judgment filed approximately one month before trial and where plaintiff was unable to show prejudice).

[4] Where the burden of proof is not on the Bar Defendants, the assertions are not affirmative defenses. *Pulliam v. Tallapoosa County Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999); *see also Hassan*, 842 F.2d at 263 ("An affirmative defense has been described as '[a]ny matter that does not tend to controvert the opposing party's prima facie case as determined by the applicable substantive law'").

[5] Mr. Gould admits in his Complaint, and in his responses to the Bar's request for admissions, that he is a resident of Florida. *See* Complaint, ¶ 3; Defendants' Motion for Summary Judgment, Exhibit A.

4

> Admittedly, the general rule is that, when a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue at trial. However, the liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses. We must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule. The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it. When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue.

*Hassan*, 842 F.2d at 263. *See also Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) ("if a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.' When there is no prejudice, the trial court does not err by hearing evidence on the issue"); *Pulliam v. Tallapoosa County Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999) ("omission of an affirmative defense is not fatal as long as it is included in the pretrial order"); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 763 (11th Cir. 1995) ("Because [defendant] raised the [affirmative defense] at the pretrial conference, and included it in the pretrial order, which supersedes the pleadings, [plaintiff] was not unreasonably surprised by the defense"); *Mitchell v. Jefferson County Bd. of Educ.*, 936 F.2d 539, 544 (11th Cir. 1991) (recognizing "[l]iberal pleading rules require a court to determine whether a plaintiff has notice that a defendant is relying on an unpled affirmative defense and whether the plaintiff can legitimately claim surprise and prejudice from a failure to plead the defense affirmatively"); *Steger v. General Elec. Co.*, 318 F.3d 1066, 1077 (11th Cir. 2003) ("issues not raised in the pleadings may be treated as if they were properly raised when they are 'tried by express or implied consent of the parties,' or

5

Case No. 04-23178-CIV-MORENO/GARBER

are included in a pretrial order"). The Bar Defendants have provided Mr. Gould with adequate notice to permit Mr. Gould to prepare and properly litigate the two assertions. The Bar Defendants advised Mr. Gould regarding its theory of the case as early as October 18, 2005, and at least as of the filing of Defendant's Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment.

> GREENBERG TRAURIG, P.A.
> 101 East College Avenue (32301)
> Post Office Drawer 1838
> Tallahassee, Florida 32302
> Telephone: (850) 222-6891
> Facsimile: (850) 681-0207
>
> *s/ Laureen E. Galeoto, Esq.*
> **BARRY RICHARD**
> FLORIDA BAR NO. 105599
> **LAUREEN E. GALEOTO**
> FLORIDA BAR NO.: 194107
> E-MAIL: GALEOTOL@GTLAW.COM
>
> *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via facsimile and U.S. Mail upon Morris R. Gould, Pro Se, 1201 Brickell Avenue, Suite 630, Miami, Florida 33131, on April 27, 2006.

> *s/ Laureen E. Galeoto, Esq.*
> **LAUREEN E. GALEOTO**

tal-fs1\328188v02