

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 04-23178-CIV-MORENO

MORRIS RONALD GOULD a/k/a RONALD GOULD,

    Plaintiff,

vs.

JOHN F. HARKNESS, Jr. EXECUTIVE DIRECTOR, FLORIDA BAR

JACQUELYN PLASNER NEEDLEMAN FLORIDA BAR COUNSEL,

    Defendants.
_____/



## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

### I. Factual Background

Plaintiff Gould, an attorney licensed in New York but not in Florida, filed suit against Defendant Florida Bar based on his "genuine and credible fear" that he will be charged with unauthorized practice of law (UPL) if he advertises his legal services in Florida. Only two counts remain in Plaintiff's complaint following the motion to dismiss stage: Counts XI and XIV. Both Counts XI and XIV allege violations of the First Amendment right to freedom of speech stemming from the Florida Bar's potential restrictions on Plaintiff's proposed advertisements for his legal services.[1] In Count XI, Plaintiff alleges that he will be charged with UPL if his advertisement states "New York Legal Matters Only," but includes an address for a Florida-based

---

[1] Throughout this order, the Court refers to Plaintiff's "proposed advertisements;" however, Plaintiff's complaint asks the Court to prohibit Defendant from interfering with not only the publication of advertisements, but also with printing letterheads and business cards.

law office.[2] In Count XIV, Plaintiff alleges he will be charged with UPL if his advertisement states "Federal Administrative Practice" and includes an address for a Florida-based law office.

Both Plaintiff and Defendant have filed Motions for Summary Judgment and concede that this case can be disposed of at the summary judgment stage. *See* Def. Mot. Sum. J. at 2; Plaint. Resp. at 1. After reviewing both Motions for Summary Judgment, the Court must reiterate the fact that the only counts remaining in Plaintiff's complaint concern violations of the First Amendment. Therefore, the Court will only discuss and rule on the First Amendment issues. Defendant's Motion for Summary Judgment focuses on First Amendment law; however, Plaintiff's Motion presents a variety of arguments and claims, which are not under the consideration of this Court. Plaintiff's Motion for Summary Judgment fails to address the First Amendment claims as they are alleged in the complaint, and instead alleges claims based on the Fifth Amendment and Fourteenth Amendment. The Court will not consider the merits of these Fifth and Fourteenth Amendment claims and Plaintiff's Motion for Summary Judgment is DENIED.

## II. Standard of Law - Summary Judgment

Summary judgment is authorized when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The burden then shifts to the party opposing the motion, who must set forth specific facts and establish the essential elements of his case on which he will bear the burden of proof at trial. *See*

---

[2] Plaintiff's proposed advertisement and/or letterhead is as follows:
NEW YORK LEGAL MATTERS ONLY
M. RONALD GOULD LICENSED NEW YORK
ATTORNEY 1201 BRICKELL AVENUE, STE. 630
MIAMI, FLORIDA 33131
FREE PHONE CONSULTATION 305 865 2962

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### III. Analysis

The Florida Supreme Court has held that solicitation and advertising within Florida by a lawyer admitted in another jurisdiction constitutes an unlicensed practice of law. *See Chandris S.A. v. Yanakakis*, 668 So. 2d 180, 184 (Fla. 1995). Plaintiff alleges that this pronouncement prohibits him from advertising his New York legal practice and his administrative law practice within the state of Florida. Plaintiff further alleges that the prohibition restricts Plaintiff's freedom of commercial speech in violation of the First Amendment. In moving for summary judgment, Defendants argue that under the *Central Hudson* test for government regulations on commercial speech, the Florida Bar's restrictions do not violate the First Amendment and Plaintiff's complaint should be dismissed.

Commercial speech is defined as an "expression related solely to the economic interests of the speaker and its audience." *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 561 (1980). The Supreme Court has held that lawyer advertising is considered commercial speech. *See Fla. Bar v. Went For It, Inc.*, 515 U.S. 618, 623 (1995). Commercial speech is protected speech under the First Amendment; however, the protection is not absolute. *See Ohralik v. Ohio State Bar Assn.*, 436 U.S. 447, 456 (1978) (holding that commercial speech enjoys a "limited measure of protection" due to its "subordinate" position in First Amendment jurisprudence).

In *Central Hudson*, the Supreme Court outlined an intermediate-scrutiny test for determining whether a government restriction on commercial speech violates the First Amendment. First, a court must determine if the commercial speech in question concerns unlawful activity or is misleading. *Central Hudson*, 447 U.S. at 563. If so, then the government may freely regulate that speech. *Id.* If not, the speech may still be regulated if (1) the government asserts a substantial interest in support of its regulation, (2) the government demonstrates that "the restriction on commercial speech directly and materially advances that interest," and (3) the regulation is narrowly tailored. *Id.* at 564-565.

As to the first inquiry, Defendant argues that Plaintiff's proposed advertisements both concern unlawful activity and are misleading. The rules and laws regulating attorneys and UPL in Florida are promulgated by the Florida Supreme Court. *See* Fla. Const. art. V, § 15; *see also Amendments to Rules Regulating the Florida Bar-Advertising Rules*, 762 So. 2d 392 (Fla. 1999). Rules 4-5.5 and 10-2.1 are most relevant to the lawfulness of Plaintiff's proposed advertisements. Rule 4-5.5(b) provides:

> A lawyer who is not admitted to practice in Florida shall not:
> (1) except as authorized by other law, establish an office or other regular presence in Florida for the practice of law; or
> (2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in Florida.

Further, Rule 10-2.1 states that "[i]t shall constitute the unlicensed practice of law for a lawyer admitted in a state other than Florida to advertise to provide legal services in Florida for which the lawyer is not authorized to provide."[3] *See also Amendments*, 762 So. 2d at 394.

### A. Lawfulness of Count XI under the *Central Hudson* Test

Based on these rules, as to Count XI, Defendant argues that Gould is not lawfully authorized to provide legal advice or advertise services to provide legal advice regarding matters of New York law from his office in Florida and that the [proposed] advertisement is misleading as it portrays the conduct as lawful. *See* Def. Mot. Sum. J. at 11. The Court finds this argument persuasive as it is consistent with the rulings of the Florida Supreme Court. For instance, in *Florida Bar v. Kaiser*, 397 So. 2d 1132, 1133 (Fla. 1981), the defendant, who was a member of the New York bar but not of the Florida bar, advertised his availability as an attorney in Miami telephone books, newspapers, and television, with the implication being that he was authorized to practice in Florida. The *Kaiser* Court held that because the advertisements had no distinguishing limitations as to the defendant's membership in the New York bar or his limited area of practice (immigration), the defendant had knowingly created the impression that he was authorized to practice in Florida on his own, and therefore had committed UPL. *See id.*

---

[3] Chapter 10 of the Rules Regulating the Florida Bar defines UPL as "the practice of law, as prohibited by statute, court rule, and case law of the state of Florida." *See Amendments*, 762 So. 2d at 394.

Similarly, in *Florida Bar v. Tate*, 552 So. 2d 1106 (Fla. 1989), the Court held that the defendant, a member of the Pennsylvania bar but not Florida, had committed UPL by handing out business cards which did not otherwise represent him to a be foreign attorney. The *Tate* Court ordered that the defendant was enjoined from "utilizing any cards, letterhead, or other written material identifying him as attorney at law without otherwise specifying that he was only admitted to practice in the State of Pennsylvania." *See id.* In this case, Plaintiff's proposed advertisements and letterhead amount to UPL in the same way as the advertisements in *Kaiser* and the letterhead in *Tate*. Plaintiff seeks to advertise his availability as an attorney in Florida even though he is only licensed in New York. Although he seems to limit his practice to New York legal matters, he does not state that he is not a member of the Florida Bar or that he is not authorized to practice in Florida. In other words, like the defendant in *Tate*, Plaintiff fails to state that he is *only* licensed to practice in New York. By stating "Free Phone Consultation" and listing a Miami phone number along with a Miami address for his office, Plaintiff creates the impression that he is authorized to practice law in Florida.

Furthermore, it is problematic and UPL for Plaintiff to attempt to practice from a Florida office even though Plaintiff's advertisement specifies "New York Legal Matters Only" and "M. Ronald Gould *Licensed New York*" (emphasis added). *See Florida Bar v. Savitt*, 363 So.2d 559, 560 (Fla. 1978). In *Savitt*, the Court held that it was UPL for a New York firm to operate a Florida office unless the partner responsible for the office's operations was a member of the Florida bar. *See id.* In looking at the *Savitt* holding along with Rule 4-5.5(b), which states, "a lawyer who is not admitted to practice in Florida shall not . . . except as authorized by other law, establish an office or other regular presence in Florida for the practice of law," it is clear that Plaintiff's establishment of a Florida office is UPL. In this case, there is no evidence that anyone other than Plaintiff would be responsible for his office's operations and because Plaintiff is not a member of the Florida bar, his establishment of a Florida law office constitutes UPL.

### B. Lawfulness of Count XIV under the *Central Hudson* Test

Defendant argues that including the phrase "Federal Administrative Practice" in Plaintiff's Florida letterheads, business cards, advertisements, and phone book listings is unlawful and misleading under the first part of the *Central Hudson* test. Specifically, Defendant argues that

Plaintiff is not lawfully authorized to engage in a general federal administrative practice in Florida and the advertisement is misleading as it portrays the conduct as lawful. *See* Def. Mot. Sum. J. at 11. Defendant concedes that a person not admitted to practice law in Florida may be authorized by law or by order of an administrative agency to appear before it; however, Defendant argues that there is no state or federal law, rule, or regulation that allows a non-licensed attorney to engage in a general federal administrative practice while in Florida. *See Chandris v. Yanakakis*, 668 So. 2d 180 (Fla. 1995); *see also Sperry v. Florida*, 373 U.S. 379 (1963).

In *Chandris*, the defendant, who was licensed in Massachusetts but not Florida, argued that Florida could not charge him with UPL for advising clients on federal legislation (the Jones Act). *Chandris*, 668 So. 2d at 183. The Florida Supreme Court disagreed and held that there is no federal law exception to Florida's bar admission requirement or unauthorized practice of law. *Id.* at 184. In so holding, the *Chandris* Court analyzed the United States Supreme Court's ruling in *Sperry*, which determined that Florida could not enjoin a nonlawyer registered to practice before the U.S. Patent Office from preparing and prosecuting patent applications in Florida. *See id.* at 183 (citing *Sperry*, 373 U.S. at 384). The *Sperry* Court, referring to the Supremacy Clause, held that the federal statute and patent office regulation that specifically authorized practice before the patent office by nonlawyer agents, "confers a right to practice before the Office without regard to whether the State within which the practice is conducted would otherwise prohibit such conduct." *Sperry*, 373 U.S. at 388. The *Chandris* Court was able to distinguish its case from *Sperry* because the Jones Act, although federal legislation, does not specifically authorize practice by nonlawyers (or out-of-state lawyers) and gives state and federal courts concurrent jurisdiction over such claims. *Chandris*, 668 So. 2d at 183.

Here, Plaintiff's claim is similar to that of the defendant in *Chandris*. Plaintiff cannot point to federal legislation or regulations that specifically authorize him to engage in general federal administrative practice. Although Plaintiff cites to the Administrative Procedure Act, 5 U.S.C. § 500(b), which states, "an individual who is a member in good standing of the bar of the highest court of a state may represent a person before an agency," the Court finds this reference to be inapposite. The legislative intent behind this provision was "merely [to] prohibit agencies from erecting their own supplemental admission requirements for duly admitted members of a state

bar." *Polydoroff v. Interstate Commerce Comm'n*, 773 F.3d 372, 374 (D.C. Cir. 1985). The intent was not to generally overrule the requirement that a person be a member of a state bar before practicing administrative law in that state. Therefore, Plaintiff's proposed advertisement, which includes the words "Federal Administrative Practice" along with a Florida office location can be considered unauthorized practice or law, and can be regulated as unlawful under the *Central Hudson* test.

### C. Effect of Multijurisdictional Practice Rules

Despite the above court holdings based on both Florida and federal law, Plaintiff argues that his proposed advertisements are lawful because they are authorized by Florida's rules on multijurisdictional practice (MJP). *See In re Amendments to the Rules Regulating the Florida Bar and the Florida Rules of Judicial Administration*, 907 So. 2d 1138 (Fla. 2005). The Florida Supreme Court amended Rule 4-5.5(c) in 2005 to included a provision regarding MJP. The relevant provision is as follows:

> **(c) Authorized Temporary Practice by Lawyer Admitted in Another United States Jurisdiction.**
> A lawyer admitted and authorized to practice law in another United States jurisdiction...may provide legal services on a temporary basis in Florida that:
> **(1)** are undertaken in association with a lawyer who is admitted to practice law in Florida and who actively participated in the matter;
> **(2)** are in or reasonably related to pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer or the person the lawyer is assisting is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized;
> **(3)** are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction and the services are not services for which the forum requires pro hac vice admission;
>> **(A)** if the services are performed for a client who resides in or has an office in the lawyer's home state, or
>> **(B)** where the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice, or
> **(4)** are not within subdivisions (c)(2) or (c)(3), and
>> **(A)** are performed for a client who resides in or has an office in the jurisdiction in which the lawyer is authorized to practice, or
>> **(B)** arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.

Rule 4-5.5(c); 907 So.2d at 1156-57. Additionally, to be clear, " the multijurisdictional practice of law includes legal services in any areas of law, which could occur at any stage of representation," though, "the activity usually takes place on a temporary or occasional basis. 907 So. 2d at 1140.

Under the MJP rules, Plaintiff argues that his practice can be considered "temporary" in Florida because he travels 90 days out of the year to and from his New York office and would be traveling out of Florida for a longer period of time if he was permitted to advertise his services in Florida. *See* Plaint. Resp. at 5. Plaintiff's argument is unpersuasive, though, as it is undisputed that Plaintiff is a Florida resident and has lived in Florida for over 29 years. *See Chandris*, 668 So. 2d at 184085 (holding that the defendant "was not in Florida on a transitory basis" because "he had resided in Florida since 1980 (15 years) but apparently chose not to seek admission to The Florida Bar").[4] Furthermore, the Court will not consider Plaintiff's practice as temporary because Plaintiff has established an office in Miami, Florida. The comments to Rule 4-5.4(c) state that the rule "does not authorize a lawyer to establish an office or other regular presence in Florida without being admitted to practice generally here." 907 So. 2d at 1158.

In addition to the fact that Plaintiff's practice in Florida is not temporary, Plaintiff also fails to meet the other requirements of Rule 4-5.5(c). Plaintiff does not allege that he is associated with a lawyer admitted in Florida nor does he allege that his services would be related to his New York practice or performed for a client who resides in New York. *See* 4.5-5(c)(1) and (4). Furthermore, the MJP rules seem to refer to known clients with potential proceedings or actually

---

[4] Plaintiff points to the following language from the comments to Rule 4-5.5 to argue that he may be a resident in Florida and still serve on a temporary basis:
> There is no single test to determine whether a lawyers' service are provided on a "temporary basis" in Florida and may therefore be permissible under subdivision (c). Services may be "temporary" even though the lawyer provides services in Florida on a recurring basis or for an extended period of time, as when the lawyer is representing a client in a single lengthy negotiation or litigation.

907 So. 2d at 1159. However, these comments imply that the lawyer-client relationship must already be established. The rule does not mean that an out-of-state lawyer can obtain a new client in Florida and then represent that client in a single lengthy negotiation or litigation.

pending proceedings. Plaintiff does not allege that his advertisements and letterheads are for certain known clients. Instead, he is attempting to attract new clients in the state of Florida. The attempt to obtain new clients does not in any way coincide with Plaintiff's argument that he is in Florida temporarily. Therefore, Plaintiff's reliance on the MJP rules is misplaced. Plaintiff's proposed advertisements in Counts XI and XIV are unlawful and therefore can be regulated by the Florida Bar without violating the First Amendment.

### D. Government's Substantial Interest under the *Central Hudson* Test

Although this case can be disposed of based on the unlawfulness of Plaintiff's proposed advertisements, the Court also holds that Defendant may regulate Plaintiff's proposed advertisements because the regulations meet the substantial interest part of the *Central Hudson* test. See Central Hudson, 447 U.S. at 564-65. First, Defendant has sufficiently asserted a substantial interest in support of its regulation. Defendant Florida Bar's interest in regulating the practice of law by non lawyers in order to protect the public has been recognized by both the Florida Supreme Court and the United States Supreme Court. *See Chandris*, 668 So. 2d at 184 (holding that "prohibiting the practice of law by those who have not been examined and found qualified to practice . . . is done to protect the public from being advised and represented in legal matters by unqualified persons over whom the judicial department can exercise little, if any, control"); *Went For It*, 515 U.S. at 625 (holding that "states have a compelling interest in the practice of professions within their boundaries, and . . . as part of their power to protect the public health, safety, and other valid interests they have broad power to establish standards for licencing practitioners and regulating the practice of professions").

Furthermore, Defendant's restriction on Plaintiff's commercial speech directly and materially advances the above interest. Defendant has argued that Plaintiff's proposed advertisements and letterhead would be misleading to the public and that they are unlawful since Plaintiff is not a licensed attorney in the state of Florida. By restricting Plaintiff from advertising and promoting his law practice and services, Defendant is advancing the interest in ensuring that all attorneys who are allowed to solicit in Florida are actually qualified and competent. The way for Defendant to test an attorney's competency is through the bar exam and other licensing

regulations. Here, Defendant has been unable to test for Plaintiff's competency. Therefore, to protect the public, Defendant may restrict Plaintiff's proposed advertisements.

Lastly, Defendant's restriction on attorney advertising is narrowly tailored. Defendant concedes that Plaintiff may advertise legal services that he is authorized by state or federal law to perform, such as immigrations law. See MSJ at p.8. In that way, Defendant has not restricted nor declared unlawful all advertisements. Instead, Defendant has only restricted the advertisements and letterheads that contain unlawful content, such as those listed in Counts XI and XIV of the complaint.

### IV. Conclusion

Based on the foregoing Defendant's Motion for Summary Judgment **(D.E. No. 53)** filed on **February 24, 2006**, is GRANTED. Plaintiff's Motion for Summary Judgment **(D.E. No. 52)** filed on **February 23, 2006**, is DENIED. The case is DISMISSED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _8_ day of August, 2006.

]_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Morris R. Gould
1201 Brickell Ave.
Suite 630
Miami, FL 33131


Frank J. Ingrassia, Esq.
Laureen E. Galeoto, Esq.
Barry Richard, Esq.